### WHITE *et al. vs.* WHITE.

1. In a suit for cattle, there was no error in allowing the plaintiff to testify as to his ownership, although his father, from whom he claimed to have derived title by gift, was dead.
2. While suit was brought for property, and not for its value, but the value was alleged in the declaration, it was not necessary to prove it.
3. The verdict is sustained by the evidence.

December 21, 1883.

Witness.    Evidence.    Trover.    Before Judge ADAMS. Glynn Superior Court.    May Term, 1883.

Gus White brought trover for certain cattle against Frederick Fenton and Becky White. Fenton disclaimed title, and the real contest was between Gus and Becky White. On the trial, the plaintiff testified that he owned the cattle in dispute; that he lived with his father until the death of the latter, and had control of the cattle sued for; that after plaintiff's marriage, he moved into a house that his father had given him, about two hundred yards from the family residence, and separated therefrom by a pasture fence; that after the death of his father, he asked the defendant, his mother, to give him his cattle, which she declined to do, and still retains them; that plaintiff always penned and milked the cows in his father's part of the

pasture, under leave of the latter to use it; that plaintiff had as much of the milk and butter as he wanted; that he marked the cows and calves with his father's mark, because he had no mark of his own. Other witnesses for the plaintiff testified to the effect that plaintiff's father had given him a cow, of which the cattle in dispute were the increase; that plaintiff lived with his father, and in a house that the latter gave him, as he testified, and that his father recognized the cattle as plaintiff's during his lifetime. The defendant and Fenton, who was her son by a former marriage, testified that the cattle in dispute belonged to her; that her husband, who was plaintiff's father, owned the cattle up to the time of his death, and never delivered possession of them to the plaintiff; that plaintiff only aided in milking them as a boy; that after the death of his father, he wanted defendant to give them to him, which she declined to do.

The jury returned a verdict that, "We, the jury, find for the plaintiff," and judgment was entered thereon against the defendant, Becky White. Defendant moved for a new trial, on the following among other grounds :

(1.) Because the verdict is contrary to law and evidence.

(2.) Because the court permitted the plaintiff to testify in his own behalf as to his ownership of the property sued for, over objection, on the ground that his father, from whom he claimed to derive the title, was dead.

(3.) Because the verdict found against Fenton, in spite of his plea and disclaimer, was without evidence to support it.

(4.) Because no value of the property was proved. [The declaration alleged the value of the property to be $95.00.]

(5.) Because the verdict should have been for the value of the property sued for, to be discharged by the property itself within a specified time.

(6.) Because the court did not charge the definition of an action of trover, and as to an alternative verdict for damages, under §3028 of the Code.

(7.) Because the declaration, the verdict and the judgment did not correspond with each other.

The motion was overruled, and defendants excepted.

G. B. MABRY, for plaintiffs in error.

GOODYEAR & KAY, by brief, for defendant.

BLANDFORD, Justice.

The defendant brought his action against plaintiffs in error, to recover certain cattle. The jury found for defendant in error, the plaintiff below ; and defendants, who are plaintiffs in error, moved for a new trial. The court overruled the motion, and defendants excepted, and now here say, the court erred in refusing the motion.

One ground of the motion is, that the court erred in allowing Gus White to testify in the case, because his father, from whom he acquired the cattle sued for, was dead. There was no error in allowing the plaintiff to testify ; his father, who was dead, was no party to this action, or the cause of action in issue or on trial ; he was a competent witness under the act of 1866, Code, §3584, and fell within no exception thereto. See case of *Scott vs. Matthews*, decided at present term of this court.

The plaintiff claimed the cattle sued for, and not their value, so that the only question was, could the plaintiff recover? It was not necessary under the issue made, to prove the value of the property ; its value is set forth in the declaration.

The verdict is amply sustained by the evidence, which showed that plaintiff's father owned the cow from which the cattle sprang, and that he gave it to his son, the plaintiff, who had possession of the same in his father's lifetime. The verdict was demanded by the evidence.

Judgment affirmed.