## FORD v. THE STATE.

1. Where the crime for which the accused was tried was committed openly in a crowd, and the accused, through his counsel, summoned two of the bystanders, who attended the trial and were sworn as witnesses in his behalf but were not examined, the exercise of due diligence by him and his counsel would have led to the discovery of any knowledge which these witnesses possessed, in time for using it on the trial; and the discovery after verdict of what they would testify is not cause for a new trial.
2. The evidence warranted the verdict, and there was no error in denying a new trial.        *Judgment affirmed.*
February 13, 1893.

Before Judge FISH. Sumter superior court. May term, 1892.

Indictment for assault with intent to murder; verdict of guilty; exception to denial of a new trial. The grounds on which a new trial was asked were, that the verdict is contrary to law and evidence, and because of testimony of two witnesses alleged to be newly discovered, tending to show that Clarke Barlow, the person struck by the defendant, was the aggressor. It appears that no evidence was introduced on behalf of the defendant at the trial. The evidence for the State showed, in brief, that the defendant went to a ball and provoked a quarrel with one Brown. Sherman Barlow (brother of Clarke) and John Davis took hold of the defendant to carry him from the room, and defendant

pulled a pistol from his pocket. This was taken from him by Davis, and he was carried out of the hall. He got a scantling and said he would kill somebody or have his pistol. Soon afterwards Clarke Barlow came down the steps, and as he went out the door he was struck on the head by defendant with an oak wagon standard. This blow rendered him unconscious for some minutes, and the wound thereby caused confined him to bed about a month. He had not been connected with the quarrel in the hall, and some evidence indicates that defendant struck him by mistake and intended to strike Brown. After giving the blow the defendant ran and was caught. In his statement he claimed that he did not know who it was he struck; that some fellow went into a store, got two weights and said with a curse, "Hold on, I will stop him"; and some one said, "Get that stick and knock hell out of him, G——d—— him, we can kill him"; that defendant saw the stick and got it, "and hit this fellow to stop him from hitting me. He had got the weights to hit me, and he was then raising up, and I hauled off and struck him." Defendant denied that he raised a quarrel, and claimed that he had to defend his life or they would have killed him, that they tore off his clothes, beat him like a dog, etc. His statement was in conflict with the evidence generally.

Touching the alleged newly discovered testimony, it appears that the counsel who represented the defendant at the trial were Messrs. Kimbrough and Pilsbury. Mr. Kimbrough died after the original motion for new trial was made, the ground as to newly discovered testimony being added by amendment. Mr. Pilsbury deposed, that as attorneys they exercised due diligence in preparing the case ; that deponent did not know of any such testimony as that contained in the affidavits of the newly discovered witnesses, and that he does not believe that Mr. Kimbrough knew of any such testimony, as he

never told deponent anything about it. The defendant swore that he did not know what these new witnesses knew about the difficulty; that he made due and diligent search for evidence before the trial, and did not know of any such evidence as contained in their affidavits. From the affidavits of the clerk of the superior court and the sheriff, it appears that subpœnas were issued at the instance of Mr. Kimbrough for these two new witnesses on May 25, and again on June 14, 1892, which subpœnas were handed to Kimbrough at the former date, and that these two witnesses were sworn for the defendant and sent into the witness room, but were not introduced on the trial, to the best of the sheriff's recollection.

W. P. WALLIS, for plaintiff in error.

C. B. HUDSON, solicitor-general, by L. J. BLALOCK, *contra.*