3268. ELDER *v.* WOODRUFF HARDWARE & MANUFAC-
TURING CO.

1. Where personal property is sold under a contract by which the seller retains the title by duly recorded written instrument, and the purchaser resells the property to another, who in turn sells or otherwise disposes of it, the original seller may maintain trover against the person to whom the original purchaser sold; and in such a case it is no defense that the original purchaser was a person under the age of 21 years.

2. Where the title of a plaintiff in a trover suit is held by him as security for purchase-money or other debt, and he elects to take a money verdict, he is entitled to recover either the highest value of the property between the date of the conversion and the date of the trial, or the value of the property at the date of the conversion with interest thereon, subject, however, to the condition that under neither choice can he recover more than the amount of the debt for which the property stands as security.

(a) The phrase "the highest proved value between the conversion and the trial" does not mean the highest estimate given by any witness as to the value during the period stated, but means the highest value which the jury, from consideration of all the proof, finds that the property was worth at any time during that period, if during the period there was a change in its value.

3. There being a conflict in the testimony as to the value of the property, the court erred in directing the verdict.

DECIDED JUNE 29, 1911

Trover; from city court of Jefferson—Judge Stark. January 6, 1911.

*Ray & Ray,* for plaintiff in error.

*G. A. Johns,* contra.

POWELL, J. 1. The Woodruff Hardware & Manufacturing Company sold a buggy and harness to one Maddox, who in turn sold it to Elder, who in turn resold it to another. The original seller had taken from Maddox a note for the purchase-money, in which title was retained in the seller until payment of the note. This

note was duly witnessed and recorded. It appears that Maddox was a minor at the time when he gave the note. The Woodruff Company brought trover against Elder. There was a conflict in the evidence as to the value of the property at the time .Elder bought it, but the court directed a verdict in the plaintiff's favor for the full amount of the purchase-price, as represented by the note given by Maddox to the plaintiff. The plaintiff had such title as to authorize it to maintain trover against Elder. *Ezzard* v. *Frick*, 76 *Ga.* 512. The fact that the maker of the note by which the plaintiff reserved title was a minor makes no difference. "The exemption of the infant is a personal privilege, . . nor can third persons avail themselves of it as a defense." Civil Code (1910), § 4234. Even if the infant had been the defendant in the present case, he could not have pleaded his infancy as against the recovery of the property, for the action of trover sounds in tort, and infancy is usually no defense to an action in tort, where the infant has arrived to the age of discretion. Civil Code (1910), § 4501; *Malone* v. *Robinson*, 77 *Ga.* 719. So that, under the particular facts of the case, the court ought to have instructed the jury that they should find in favor of the plaintiff.

2. The error into which the court fell was that he directed the jury to return a verdict in favor of the plaintiff for the full amount of the purchase-price of the buggy, as fixed in the contract between the plaintiff and Maddox, the original purchaser, although there was evidence that at the time of the defendant's conversion of the property it was worth much less than that sum. It is well settled by a number of cases that where a seller has retained title as security for his purchase-money, or where one otherwise holds title to personal property as security, and he brings trover, the amount of the indebtedness remaining due at the time of the trial fixes the maximum of his recovery. *Clark* v. *Bell*, 61 *Ga.* 147; *Bell* v. *Ober*, 96 *Ga.* 214 (23 S. E. 7); *Bradley* v. *Burkett*, 82 *Ga.* 255 (11 S. E. 492). However, where the seller who has retained title as security for his purchase-money brings trover, even against the original purchaser, his act in bringing the suit operates as a rescission of the sale; and if he elects to take a money verdict, he can not recover more than the value of the property at the time of the conversion, with interest or hire, or the highest proved value between the conversion and the trial, accord-

ingly as he may elect, notwithstanding the balance due on his debt may be a larger amount. *Moultrie Repair Co.* v. *Hill,* 120 *Ga.* 730 (48 S. E. 143) ; *Hodges* v. *Cummings,* 115 *Ga.* 1000 (42 S. E. 394). As between the original seller and the original purchaser, the agreed price as stated in the contract of sale is prima facie, but not conclusive, evidence of the actual value of the property. But as between the seller and third persons the amount stated in the contract of purchase is of no such evidentiary value. In this case the proof as to the value of the property at the time of the defendant's conversion and subsequently was in decided conflict, and therefore presented a jury question.

Counsel for the defendant in error ingeniously argue that the amount of the sale price, evidenced by the title-retaining note, and the highest proved value of the property are in this case identical, and that there can not be hurt to the plaintiff in error because the judge took the amount of the sale price to fix the sum for which he directed the verdict. He bases this contention on the fact that the highest estimate of value given by any witness tallied in amount with the sale price stated in the note. There is often a great difference between the highest estimate of value and the highest proved value of an article. Witnesses may vary in their estimates as to what the highest value of the property was between certain dates. Of course, the measure of damages which allows the plaintiff to take advantage of the highest proved value has reference to property which has changed in value between the dates in question, and allows the plaintiff to take the advantage of recovering for the value of the property at that point during the period at which the property was worth the most, whether it be at the beginning of the period, at the end of the period, or at some intermediate time, but does not give him the right to recover the highest amount that any witness is willing to swear the property was worth, unless the jury believe that that witness has correctly estimated the value.

3. The judgment is reversed, because the court did not submit to the jury the question as to the amount of the plaintiff's recovery.                                              *Judgment reversed.*