## 5655.  YOUNG v. DURHAM.

WADE, J.  1. "Where the title of a plaintiff in a trover suit is held by
him as security for purchase-money or other debt, and he elects to take a
money verdict, he is entitled to recover either the highest value of the
property between the date of the conversion and the date of the trial,
or the value of the property at the date of the conversion, with interest
thereon, subject, however, to the condition that under neither choice
can he recover more than the amount of the debt for which the property
stands as security." *Elder* v. *Woodruff Hardware &c. Co.*, 9 *Ga. App.*
484 (71 S. E. 806). "As between the original seller and the original
purchaser, the agreed price as stated in the contract of sale is prima
facie, but not conclusive, evidence of the actual value of the property."
*Id.* 486. "The damages recovered can not exceed the debt with interest
thereon. If partial payment has been made, the amount of such pay-
ment should be deducted. Any alternative verdict rendered should con-
form to these limitations." *Bradley* v. *Burkett*, 82 *Ga.* 255 (11 S. E.
492). See also *Ross* v. *McDuffie*, 91 *Ga.* 120 (16 S. E. 648). "Where
suit was brought for property, and not for its value, but the value was
alleged in the declaration, it was not necessary to prove it." *White* v.
*White*, 71 *Ga.* 670. See also *Gordon* v. *Atlantic Coast Line Railroad
Co.*, 7 *Ga. App.* 354, 356 (66 S. E. 988). However, "to authorize a
money verdict in a trover suit, there must be some evidence to show the
value of the personal property converted by the defendant." *Oglesby*
v. *Hanson*, 7 *Ga. App.* 318 (66 S. E. 802), and cases cited. The con-
tract of conditional sale was in evidence, and set forth an agreed price
for the article sued for in trover, which furnished prima facie evidence
of the actual value of the property, sufficient, in the absence of any
evidence to the contrary, to prove the value of the property at the time
of conversion, after deducting all credits to which the court found the
defendant entitled.

2. Where one sells to another personal property, under a retention-of-title
contract, for a fixed sum, which the seller agrees to accept in install-
ments of $2 per week, the contract is executed as to the seller; and the
failure of the purchaser to pay some of the agreed installments when
due, or the further fact that the seller, on more than one occasion and
without any express agreement to modify the original contract, or addi-
tional consideration moving him to do so, accepts from the purchaser
several payments of $1 only, would not be such a departure from the
terms of the contract as to necessitate notice from the vendor to the
vendee of the intention of the former to rely upon the exact terms of
the original contract relating to payments (Civil Code, § 4227), as a
condition precedent to the bringing of a suit in trover to recover the
property.

(a) Especially is this true, where, as in this case, the undisputed evidence
shows that the *entire* balance of the purchase-price was long past due
before the suit was filed, even had the defendant paid at the rate of
$1 per week only until the debt was satisfied. According to the ver-
dict, $34 was still unpaid, and this amount was long past due (either
at the rate of $1 or $2 per week) before the suit was brought—more
than three years after the making of the contract.

3. The failure of the judge of the municipal court of Atlanta, sitting without a jury, to allow the defendant certain credits about which there was a conflict in the evidence is not proper subject for complaint in this court, since the trial judge had the privilege of accepting as true that evidence which most commended itself to his approval.

4. In a trover suit an election to take a money judgment for the value of the property sued for may be made by the plaintiff at any time during the progress of the trial and before the case is submitted to the jury, or (where tried without the intervention of a jury) prior to the rendition of a judgment by the presiding judge.

5. The purpose of a demand in a trover suit is to furnish evidence of a conversion. "The action of trover being founded on a concurrent right of property and possession, any act of the defendant which negatives or is inconsistent with such right amounts in law to a conversion." *Roper Grocery Co.* v. *Faver*, 8 *Ga. App.* 178 (68 S. E. 883). See also *Citizens Bank of Valdosta* v. *Peeples*, 10 *Ga. App.* 703 (74 S. E. 303). "As to what constitutes a conversion, this court has repeatedly held, that possession, with a claim of title adverse to that of the true owner, is sufficient." *Maxwell* v. *Harrison*, 8 *Ga.* 61 (6). And see *Scarboro* v. *Goethe*, 118 *Ga.* 545 (45 S. E. 413), in which it was held: "No demand was necessary where it appeared that the defendant was in possession of the property, claiming title thereto, at the time of the action, his defense being that, owing to payments made and partial failure of consideration, he was due only a small balance of the purchase-money, of which he made tender."

(*a*) The petition filed in this case explicitly alleged, in the first paragraph, that the defendant was in possession of the property sued for, and the defendant in response thereto denied that he was in possession of the property (a ring), "for the reason that he had paid plaintiff in full for the ring;" and in the second paragraph the plaintiff alleged that the defendant refused to deliver the property to him or to pay him the profits thereof; and to this the defendant replied as follows: "In answer to paragraph 2 of petition, this defendant had a right to refuse to deliver the ring described in the petition, for the reason that he did not have any ring belonging to the plaintiff, as he had paid plaintiff in full for the ring." Measured by the rule laid down in section 5637 of the Civil Code, as to the effect of an evasive answer where knowledge must necessarily be presumed, this answer might fairly be construed to mean not only that the defendant had refused to deliver the ring in response to a demand (since he could not "refuse" until a demand *was* made), but also that the defendant *did have* a ring, and in fact the particular ring sued for, but to this ring he asserted title adverse to that of the plaintiff, for the alleged reason that he had paid the plaintiff in full therefor; and under the rule in *Maxwell* v. *Harrison*, supra, that possession with a claim of title adverse to that of the true owner is sufficient to show conversion, this claim of title on the part of the defendant would dispense with proof of demand, and would suffice to show a legal conversion. *Judgment affirmed. Russell, C. J., dissents.*

DECIDED FEBRUARY 3, 1915.

Trover; from municipal court of Atlanta.  April 6, 1914.

*Frank L. Haralson, B. L. Milling,* for plaintiff in error.

*D. K. Johnston,* contra.