6608.　MOORE *v.* FURSTENWERTH-UHL JEWELRY CO.

WADE, J. The plaintiffs contracted by letter with one "Robert H. Moore," of Culverton, Georgia, and, in conformity with the contract, shipped to the said Robert H. Moore certain property, believing at the time that he was the identical "R. H. Moore," of Culverton, Georgia, reported by commercial agencies and known through various other sources of information to be a man of financial standing and personal responsibility, whereas Robert H. Moore to whom shipment was made was insolvent,

without financial means or commercial standing, and the "R. H. Moore" with whom the plaintiffs believed they were contracting, and to whom they understood they were making the shipment of goods, was in fact one "Richard H. Moore," of Culverton, Georgia, the father of the said Robert H. Moore. Upon the discovery of these facts the plaintiffs made demand upon Robert H. Moore for the goods delivered to him through mistake, and, upon his failure and refusal to turn over the same, brought suit in trover for their recovery, repudiating any contract whatsoever with said Robert H. Moore. *Held:*

1. To constitute a sale, there must be not only an identification of the thing sold and an agreement as to the price to be paid, but "consent of the parties." Civil Code, § 4106. From undisputed testimony it appears that there was no consent by the plaintiffs to sell the property to the particular person who actually received it, but the goods were shipped under a misapprehension as to the identity of the purchaser, and there was consequently no meeting of the minds of vendor and purchaser, and therefore no sale which passed title from the vendor to the purchaser. There was nevertheless an agreement between the plaintiffs and the defendant in the court below *as to the price to be paid.*

2. The evidence disclosed that the property sued for had been received by the defendant, and the presumption, thus created, that he was still in possession thereof, was not rebutted by any testimony in behalf of the defendant; nor did the evidence for the plaintiffs, showing demand on the defendant and refusal on his part to deliver, affirmatively disclose that the property was not in the possession, custody, or control of the defendant, but it showed merely that he could not deliver some of the property demanded, without any explanation *why* he would be unable to deliver the same to the plaintiffs.

3. The plaintiffs having elected to take a money verdict, proof of the value of the property was necessary. *Malcolm* v. *Dobbs*, 127 *Ga.* 487 (4), 490 (56 S. E. 622). But "as between the original seller and the original purchaser, the agreed price as stated in the contract of sale is prima facie . . evidence of the actual value of the property." *Elder* v. *Woodruff Hardware Co.*, 9 *Ga. App.* 484 (71 S. E. 806). See also *Young* v. *Durham*, 15 *Ga. App.* 678 (84 S. E. 165); *Elder* v. *Woodruff Hardware Co.*, 16 *Ga. App.* 255 (85 S. E. 268). There was evidence showing the amount which the plaintiffs agreed to accept and the defendant agreed to pay for the property, for the recovery of which the action was brought, and therefore the value was sufficiently shown as to him. All the essentials necessary to make a contract of sale were not present, and therefore there was no sale; but there *was* an agreement as to price between the actual plaintiffs and the defendant.

4. The various remaining exceptions are without substantial merit, the evidence demanded the verdict directed, and the trial judge did not err in overruling the motion for a new trial. *Judgment affirmed.* DECIDED JANUARY 27, 1916. REHEARING DENIED FEBRUARY 24, 1916.

Complaint; from city court of Sparta—Judge Jordan presiding. April 15, 1915.

*Lewis & Culver,* for plaintiff in error.

*Allen & Pottle, Burwell & Fleming,* contra.