8467, 8468.   LOTT *v.* BANKS; and *vice versa.*

1.   Since the act of the General Assembly approved August 21st, 1911 (Acts 1911, p. 149 (3)), where the judge finally passed on the merits of a motion for a new trial and the parties acquiesced in his entertaining it at that time, without any question being then raised to the sufficiency of the filing and approval of the grounds of such motion, no question as to these matters can be subsequently entertained by this

court; and therefore the motion of defendant in error to strike the order of the lower court approving and certifying the amended motion for new trial, and to dismiss the amended motion, is without merit. But apart from the provisions of the act cited, it has been held that when the judge is not put on his guard to see that dates are correct, or to explain them if incorrect, there is a stronger presumption that a mistake was made in dating a judicial act than that the act was performed on Sunday. *Swindle* v. *Poore*, 59 *Ga.* 336 (2).

2. The amended plea setting up payment was sufficiently exact in that it did not fail to show when, how, and to whom the alleged payment was made.

3. The declaration of an agent is not competent evidence against his principal where it does not appear that such declaration was made while engaged in the business of the master or principal.

4. Where in a trover suit brought by the vendor under a conditional sale the plaintiff elects to take a judgment within the amount of the indebtedness for the highest proved value of the property between the time of the conversion and the trial, it is error to direct a verdict for plaintiff where under the evidence the value of the property in any lesser amount could be found.

DECIDED NOVEMBER 13, 1917.

Trover; from city court of Hall county—Judge Wheeler. January 6, 1917.

*W. N. Oliver, W. M. Johnson,* for Lott.

*E. D. Kenyon,* for Banks.

JENKINS, J. 1. The ruling stated in the first headnote does not seem to require elaboration.

2. This was an action in trover by a vendor of personal property under a recorded contract of conditional sale, and against a subsequent purchaser. The defendant set up, by amendment to his answer, that the original vendee had fully discharged the indebtedness to plaintiff. We think the amended plea was sufficiently exact to meet the objection of plaintiff to its allowance, as contained in his exceptions taken pendente lite and now embodied in his cross-bill of exceptions, and that it did not fail to show when, how, and to whom the alleged payment was made. *Thomas* v. *Siesel*, 2 *Ga. App.* 663 (5) (58 S. E. 1131). As the case will have to be submitted to a jury for its determination on the facts, we will not express any opinion here as to whether the averments so made were substantiated, or as to whether the fact of agency involved was proved.

3. The seventh ground of the amended motion for a new trial complains that evidence of the witness I. J. Little was excluded,

in which it was proposed to show by him that Maness, the agent of plaintiff, had told him that the cow was paid for. The declarations of an agent are admissible against his principal only when made concerning his appointed business and while he is so engaged. The declaration of an agent is not competent evidence against his principal where it does not appear when it was made. Thus, were it to be conceded that the evidence shows that the declaration of Maness pertained to the busines within the scope of his authority, there being nothing in the exception taken to indicate when the declaration was made, there was no error in excluding the offered testimony. *Adams* v. *Humphreys,* 54 *Ga.* 496; Civil Code (1910), § 3606.

4. Where the title of a plaintiff in a trover suit is held by him as security for purchase-money or other debt, and he elects to take a money verdict, he is entitled to recover either the highest value of the property between the date of the conversion and the date of the trial, without interest or hire, or the value of the property at the date of the conversion, with interest or hire, subject, however, to the condition that under neither choice can he recover more than the amount of the debt for which the property stands as security. *Elder* v. *Woodruff Hardware Co.,* 9 *Ga. App.* 484 (71 S. E. 806); *Tuller* v. *Carter,* 59 *Ga.* 395 (2); *Mashburn* v. *Dannenberg Co.,* 117 *Ga.* 567 (15) (44 S. E. 97); *O'Neill Manufacturing Co.* v. *Woodley,* 118 *Ga.* 114 (44 S. E. 980); *Young* v. *Durham,* 15 *Ga. App.* 678 (84 S. E. 165); *Moore* v. *Furstenwerth-Uhl Jewelry Co.,* 17 *Ga. App.* 669 (87 S. E. 1097). Where the suit is for the property and not for its value, it is not necessary to prove value, even though it be alleged. *White* v. *White,* 71 *Ga.* 670. But to authorize a money verdict in a trover suit, there must ordinarily be some evidence to show the value of the personal property converted by the defendant. *Brooke* v. *Lowe,* 122 *Ga.* 358 (50 S. E. 146); *Citizens Bank* v. *Shaw,* 132 *Ga.* 771, 777 (65 S. E. 81); *Oglesby* v. *Hanson,* 7 *Ga. App.* 318 (66 S. E. 802). In this case the plaintiff elected to take a money verdict, and the judgment was taken in accordance with what the able trial judge regarded as the prima facie and undisputed proved value of the property between the time of the conversion and the trial and within the amount of the debt. There was no direct and express evidence showing the value of the property at the date of the conversion, or at any time

subsequent thereto up to the date of the trial. The only evidence as to the value of the property disclosed by the evidence was: first, the amount of the original purchase-price as shown by the note, amounting to $50.50; second, the evidence shows that the original vendee, Saddler, sold the cow to the defendant for $16; third, it appears that the defendant subsequently bargained the cow to another party, Morris, for $26.50, and later took her back at the same price. The plaintiff contends that since the latter amount, as fixed by the defendant himself, states the only value arrived at between the date of the conversion and the trial, this was the only value which could have been found by the jury, and as the directed verdict for the amount due on the note was within this amount, it was legal. Defendant contends, since no witness testified as to the value, and since the only evidence going to show the value consisted of proof as to the price in the sales testified to, that evidence is entirely lacking in the required proof of value. His contention is that what property may be sold for is not evidence of its market value. It has been held a number of times by this court, that, as between the original seller and the original purchaser, the agreed price as stated in the contract of sale is prima facie but not conclusive evidence of the actual value of the property, and that upon proof of the contract, in the absence of rebutting testimony as to value, the plaintiff was entitled to recover the balance due thereon. See *Elder* v. *Woodruff Hardware Co., Young* v. *Durham,* and *Moore* v. *Furstenwerth-Uhl Jewelry Co.,* supra; *Jordan* v. *Jenkins,* 17 *Ga. App.* 58 (86 S. E. 278); *Elder* v. *Woodruff Hardware Co.,* 16 *Ga. App.* 255 (82 S. E. 268). But, as was said in the decision last cited: "As between the seller and third persons, the amount stated in the contract of purchase is of no such evidentiary value." Thus, in the instant case, the questions are: first, would the evidence, if in no wise contradicted, that the defendant while in possession of the property sold it at a named price and afterwards took it back at the same price, furnish sufficient ground as to value to authorize the directing of a verdict within that amount; and second, if this be true, was there in fact other evidence on this question which the jury might properly have considered? As a general proposition evidence as to the selling price of an article is a circumstance, though not conclusive, upon the question of value. *Southern Railway Co.* v.

*Williams,* 113 *Ga.* 335 (38 S. E. 744) ; *Watson* v. *Loughran,* 112 *Ga.* 837 (38 S. E. 82). Thus, assuming that this evidence was sufficient upon which a verdict might have been based, still, since the evidence of what the defendant may have succeeded in bargaining the property for to another and different person was not in any way conclusive evidence of value as between the plaintiff and defendant in this case, the jury would not have been absolutely bound by the amount so shown, but would have been entitled to exercise their own judgment in determining this question, with the right to consider the nature of the property involved, together with every other fact and attendant circumstance throwing light upon the subject properly within their knowledge. For this reason we think the question as to value should have been submitted to them. See *Johnson* v. *Stevens,* 19 *Ga. App.* 192 (91 S. E. 220), and the cases therein cited. However, in this particular case, we think that there is in fact other evidence upon the specific question of value itself which the jury would have had the right to consider. There was evidence tending to establish the value at the time of the conversion, as shown by the purchase-price paid for the property by defendant. The property involved is not such as could be called a fluctuating commodity. Does evidence as to its value at the time of the conversion illustrate to any extent its true highest subsequent value up to the time of the trial? In other words, must evidence as to its initial value at the time of conversion be excluded in determining its highest value throughout the entire period, for the reason that a distinct measure of damages obtains when the plaintiff relies solely on the proved value at the time of conversion? We can see no reason why this should be true, and we think that in determining the highest value of property of this kind, the jury might well have considered the evidence as to value at the time of conversion as well as the evidence relating to a subsequent date in arriving at what the highest value during the entire period really was. "The phrase 'the highest proved value between the conversion and the trial' does not mean the highest estimate given by any witness as to the value during the period stated, but means the highest value which the jury, from consideration of all the proof, finds that the property was worth at any time during that period, if during the period there was a change in its value." When one thus elects to claim the highest proved

value, he is simply not *limited* to the value shown at the time of conversion; neither in a case of this sort should proof of value at that time, if in evidence, be excluded from the jury in determining what the highest value during the entire period really was. *Barnett* v. *Thompson,* 37 *Ga.* 335, 340.

Judgment reversed on main bill of exceptions; affirmed on cross-bill. Wade, C. J., and Luke, J., concur.