## 10676.   JOHNSON *v.* JOHNSON.

JENKINS, P. J. 1. While it is true that where a suit is defended by a person claiming as the transferee of a deceased person, the plaintiff is not allowed to testify in his own behalf against the title of the deceased person, as to transactions or communications had with the deceased person, whether the transactions or communications were had by the deceased person with the party testifying or with any other person (Civil Code of 1910, § 5858 (1)), still where the defendant was neither an indorsee nor an assignee, transferee, or personal representative of the deceased person from whom the plaintiff claimed to have acquired title, but the defendant claimed title under a third person, the court did not err in permitting the plaintiff to testify as follows (the suit being trover for the recovery of personal property): "My husband, Turner Johnson [deceased], gave me his one-half interest in the cow." *White* v. *White,* 71 *Ga.* 670; *Florida Central R. Co.* v. *Usina,* 111 *Ga.* 697, 700 (36 S. E. 928); *Austin* v. *Collier,* 112 *Ga.* 247 (37 S. E. 434); *Boynton* v. *Reese,* 112 *Ga.* 354 (37 S. E. 437).

2. The ruling announced in the preceding paragraph disposes of the only special ground of the motion for a new trial. There was sufficient evidence to authorize the verdict, which has the approval of the trial judge, and no reason appears why the verdict should be set aside.

           *Judgment affirmed. Stephens and Smith, JJ., concur.*

           DECIDED NOVEMBER 26, 1919.

Trover; from city court of Valdosta—Judge Cranford. April 15, 1919.

*James M. Johnson,* for plaintiff in error.

*Dan R. Bruce,* contra.