### 12069.  JONES et al. v. MAY.

LUKE, J. 1. " Where the title of a plaintiff in a trover suit is held by him as security for purchase-money or other debt, and he elects to take a money verdict, he is entitled to recover either the highest value of the property between the date of the conversion and the date of the trial, or the value of the property at the date of the conversion with interest thereon, subject, however, to the condition that under neither choice can he recover more than the amount of the debt for which the property stands as security." Elder v. Woodruff Hardware Co., 9 Ga. App. 484 (71 S. E. 806).

(a) As between the original seller and the original purchaser, the agreed price as stated in the contract of sale is prima facie, but not conclusive, evidence of the actual value of the property. The damages recovered cannot exceed the debt with interest thereon. If partial payment has been made, the amount of such payment should be deducted. See Young v. Durham, 15 Ga. App. 678 (84 S. E. 165), and cases there cited.

2. In the instant case it was not error, after the contract of sale had been introduced in evidence without objection, to admit in evidence the promissory notes which showed the balance due on the property to which the plaintiff held title.

3. The writ of certiorari lies only for the correction of errors committed in the trial court, and no question, unless first raised there, can be considered by the superior court or by this court. Masters v. Southern Express Co., 23 Ga. App. 642 (1) (99 S. E. 144); Davis v. Town of Gibson, 24 Ga. App. 813, 814 (102 S. E. 466). In the instant trover suit it does not appear from the record that the point that the plaintiff had no right to recover the value of the property sued for because he did not surrender, or offer to surrender, the contract of sale between the parties and the notes given by the defendants for the purchase price of the property, was raised either in the trial court or in the superior court. It is apparently raised for the first time in the brief of counsel for the plaintiff in error, and accordingly cannot be considered by this court.

4. Upon the petition for certiorari and the answer thereto, it was not error for the judge of the superior court to overrule the certiorari in this case. Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.

DECIDED JUNE 14, 1921. REHEARING DENIED JULY 12, 1921.

Certiorari; from Fulton superior court — Judge George L. Bell. October 27, 1920.

*Morris Macks, C. D. Rowe, S. A. Massell,* for plaintiffs in error.
*Holbrook & Corbett,* contra.