14133. CITY OF JEFFERSONVILLE *v.* COTTON STATES BELTING & SUPPLY CO.

BELL, J. This was an action of bail-trover against a municipal corporation for "one 7 x 10 x 6½ x 10 x 10 Ingersoll Improved Type 10" steam compresser, based upon a written contract of conditional sale

in which the title to the property was reserved in the plaintiff vendor until payment in full of the purchase-money, and in which was contained a stipulation that the vendee (the defendant) assumed " responsibility for wear, damage, and destruction of said machinery." The defendant admitted in its answer a refusal to deliver, and sought to recoup damages, against the balance of the purchase-price, by reason of an alleged failure of consideration, counting upon the contract. Neither party replevied the property, and between the time of seizure and the trial it was destroyed by fire, in the city's plant, where, though dismantled, it was allowed by the sheriff to remain under seizure pending trial of the cause. The cause of the fire is not shown. At the close of the evidence, at the plaintiff's election, the court directed a money verdict for the balance of the purchase-money as damages, and the defendant excepts to the overruling of its motion for a new trial. The direction of the verdict is assigned as error upon sundry grounds specifically set up in the motion as amended, including certain alleged erroneous rulings during the trial. *Held*:

1. A municipal corporation can make a " cash " contract (that is one not creating a " debt " within the meaning of the provision of the constitution hereinafter referred to) for necessary current supplies to be used in carrying on the legitimate business of the city, including the operation of its system of waterworks, when done through its appropriate officers or committees, as effectually as when executed in pursuance of a formal order or resolution of council entered on its minutes, where it appears that such contract of purchase has become obligatory by implied ratification by reason of the acceptance and use by it of the articles or supplies so contracted for. In the light of the answer, there was clearly no merit in the objection to the introduction in evidence of the original order given by certain officers of the city for the property, or of the note executed by them covering the purchase price except the initial payment. *City of Conyers* v. *Kirk*, 78 *Ga.* 480 (3 S. E. 442); *Walker* v. *City of Rome*, 6 *Ga. App.* 59 (3) (64 S. E. 310); *Diamond Specialty Co.* v. *City of West Point*, 11 *Ga. App.* 533 (75 S. E. 903); *Town of Whigham* v. *Gulf Refining Co.*, 20 *Ga. App.* 427 (2) (93 S. E. 238).

2. Under an act approved August 15, 1903 (Civil Code of 1910, § 4484), whenever a vendor of personal property who retains title to it until the purchase-money is paid brings trover to recover possession of the property, the defendant may plead any set-off or recoupment growing out of the contract of purchase, by reason of failure of consideration, defects in the property, or breach of contract by the plaintiff, and this is true whether the plaintiff elects to take judgment for the property or for damages. *Rogers* v. *Otto Gas Engine Works*, 7 *Ga. App.* 587 (1) (67 S. E. 700).

3. But when a known, described, and definite article is ordered of a manufacturer, although it be stated by the purchaser that it is required for a particular purpose, yet if the known, described, and definite thing, which is of the kind and quality called for by the order, be actually supplied, there is no warranty that it shall answer the particular purpose intended by the buyer. *Fay & Eagan* v. *Dudley*, 129 *Ga.* 314 (1)

(58 S. E. 826); *City of Moultrie* v. *Schofields Sons Co.*, 6 *Ga. App.* 464 (2) (65 S. E., 315).

4. It has been held a number of times by this court that, as between the original seller and the original purchaser, in an action of trover by the former, the agreed price as stated in the contract of sale is prima facie, but not conclusive, evidence of the actual value of the property, and that upon proof of the contract, in the absence of rebutting testimony as to value, the plaintiff, if entitled to recover at all, is entitled to recover the balance due thereon. *Lott* v. *Banks*, 21 *Ga. App.* 246 (4), 249 (94 S. E. 322); *Carter* v. *American Slicing Machine Co.*, 23 *Ga. App.* 422 (2), 426; *Elder* v. *Woodruff Hardware Co.*, 9 *Ga. App.* 484 (71 S. E. 806); *Young* v. *Durham*, 15 *Ga. App.* 678 (84 S. E. 165); *Moore* v. *Furstenwerth-Uhl Jewelry Co.*, 17 *Ga. App.* 669 (87 S. E. 1097); *Jordan* v. *Jenkins*, 17 *Ga. App.* 58 (86 S. E. 278); *Elder* v. *Woodruff Hardware Co.*, 16 *Ga. App.* 255 (85 S. E. 268).

5. By the constitution (art. 7, sec. 7, par. 1; Civil Code, § 6563) it is declared that the debt of a municipal corporation shall not exceed seven per centum of the assessed value of all the taxable property therein; and no municipality shall incur any new debt, except for a temporary loan or loans to supply casual deficiencies of revenue, not to exceed one fifth of one per centum of the assessed valuation of taxable property therein, without the assent of two thirds of the qualified voters thereof at an election for that purpose, to be held as prescribed by law. *Town of Whigham* v. *Gulf Refining Co.*, supra.

6. A liability for a legitimate current expense may be incurred, provided there is at the time of incurring the liability a sufficient sum in the treasury of the municipality which may be lawfully used to pay the same, or if a sufficient sum to discharge the liability can be raised by taxation during the current year. *Butts County* v. *Jackson Banking Co.*, 129 *Ga.* 801 (60 S. E. 149, 15 L. R. A. (N. S.) 567, 121 Am. St. Rep. 244); *Town of Whigham* v. *Gulf Refining Co.*, supra.

7. Where one delivers the physical possession of property to a municipality in pursuance of an executory conditional contract of sale, his right of action to recover the property or to enforce the payment of the contract price by the city is necessarily dependent upon the agreement by which the title was reserved in him; and if the agreement, under the existing facts, is contrary to the provisions of the constitution as stated in paragraph 4 above, the consideration is illegal, and the contract will not be enforced. If such fact appears, the court will leave the parties exactly where it found them. *McCrary Co.* v. *City of Glennville*, 149 *Ga.* 431 (3) (100 S. E. 362), and cases there cited.

(*a*) Under the evidence of the city clerk in relation to this question, it was error to direct a verdict for the plaintiff.

8. "Where property is sold and delivered, but title is not to pass until payment in full of the purchase money, and the property is lost, damaged or destroyed without the vendee's fault, he is entitled to a rescission of the contract or to an abatement in the price, unless it is otherwise agreed in the contract of sale." Civil Code (1910), § 4123.

9. While in the instant case it was provided in the contract of sale that the loss or destruction of the property should fall upon the buyer, yet,

the plaintiff having elected to bring its suit in trover instead of suing upon the contract, thereby rescinded the written agreement, including this provision, and under the ruling of this court in *Ayash* v. *Georgia Show-Case Co.*, 17 *Ga. App.* 467 (2 *a*) (87 S. E. 689), based upon cases therein cited, that "any special terms or stipulations in the contract that might affect the rights of the parties if the suit had been to enforce the contract can not be considered in a trover suit," the rights of the parties on account of the destruction of the property must be adjusted by the application of the above-quoted code section, regardless of the stipulations of the contract. The rule would be otherwise if the plaintiff had sued upon the note. *Avery* v. *Middlebrooks*, 142 *Ga.* 830 (83 S. E. 944).

10. If the vendee had remained in the possession of the property, the onus would have been upon it to show that the destruction of the property was without the "vendee's fault" (*Wells* v. *Fay*, 143 *Ga.* 732 (3), 85 S. E. 873; *Klein* v. *Vandiver*, 24 *Ga. App.* 290, 100 S. E. 654)), but where, as here, the plaintiff files with the petition the affidavit provided by the Civil Code (1910), § 5150, and thereby causes the property to be seized by the sheriff and held pending the trial, it not being replevied by either party, and where it appears upon the trial that between the seizure and the trial the property was destroyed by fire, it is incumbent upon the plaintiff to show that it was destroyed by reason of the vendee's fault, or else the plaintiff may not recover a money verdict for the value of the property. While the property was left by the sheriff in the city's "plant," it was nevertheless in the custody of the law, and the prima facie presumption would be that the defendant was not at fault in its destruction.

11. Where the defendant in an action of bail-trover fails to replevy the property taken from his possession by the bail process, and its restoration thereafter becomes impossible without any fault on his part, the plaintiff can not take a money verdict except for hire and costs. See, in this connection, *Glover* v. *Gore*, 74 *Ga.* 680 (2); *Thomas* v. *Price*, 88 *Ga.* 533 (1) (15 S. E. 11); *Calloway* v. *McElmurray*, 91 *Ga.* 166 (2) (17 S. E. 103); *Mallary* v. *Moon*, 130 *Ga.* 591 (1) (61 S. E. 401).

(*a*) Under this ruling and the ruling in the preceding paragraph, the evidence being silent in regard to the cause of the fire by which the property was destroyed, the direction of the particular verdict elected was error.

12. For the reasons stated in paragraphs 7 and 11 above, it was error to overrule the motion for a new trial.

       *Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*
       DECIDED JUNE 25, 1923.

Trover; from Twiggs superior court — Judge Kent. October 7, 1922.

*R. A. Harrison, Jordan & Moore,* for plaintiff in error.
*Jones, Park & Johnston, H. F. Griffin,* contra.