## 15356. WILLIAMS *v.* BAGGS AUTO CO.

BELL, J. 1. Where the plaintiff in a suit is a corporation, and its name is changed by law pending the action, it is permissible for the court to allow an amendment to the petition, alleging that fact and praying that the suit may proceed in the plaintiff's new name. *Atlantic Coast Line Railroad Co.* v. *Waycross Light &c. Co.,* 123 *Ga.* 613 (3) (51 S. E. 621).

2. It is not essential to the validity of a money verdict in a trover action, where the plaintiff does not so elect, that it shall provide for the making of the money out of the property. In an action of trover, where the plaintiff is entitled to a verdict, it is optional with him whether he will accept an alternative verdict for the property or its value, or whether he will demand a money verdict for damages alone, or some other form of verdict as allowed by law. See Civil Code (1910), § 5930; *Drury* v. *Holmes,* 145 *Ga.* 558 (89 S. E. 487).

3. In the brief for the plaintiff in error the statement is made that the property sued for was destroyed by fire while in the custody of the sheriff under the bail process. This fact, however, does not appear in the record, and no decision can be made in reference thereto, as was done in the case of *City of Jeffersonville* v. *Cotton States Belting Co.,* 30 *Ga. App.* 470 (11) (118 S. E. 442).

4. While it is true that, ordinarily, where a vendor has taken notes for the purchase-price of personalty and has reserved title in himself until full payment of the purchase-price, he cannot in an action of trover for the property, after a default in payment, recover the value of the property from the vendee until the notes have been delivered up to him or sufficiently accounted for, so that the vendee will incur no further risk of liability thereon (*Smith* v. *Commercial Credit Co.,* 28 *Ga. App.* 403

(4), 111 S. E. 821; *Securities Trust Co.* v. *Marshall,* 30 *Ga. App.* 379 (7), 118 S. E. 478), yet it is not necessary that it should appear that the vendor offered to surrender up the writings which contained the evidence of his title to the property, or of the obligation of the vendee to pay therefor, before bringing the suit in trover. *Venable* v. *Young,* 137 *Ga.* 375 (3) (73 S. E. 633). A failure to surrender such writings before suit, or even the omission to do so upon the trial, would not render them inadmissible in evidence, although, as stated above, such failure at the trial might affect the plaintiff's right to recover. There is no assignment, however, in this case, that the verdict was illegal for this reason. There was no merit in any of the demurrers.

5. Where the title of a plaintiff in trover is held by him as security for purchase-money or other debt, and he elects to take a money verdict, he is entitled to recover either the highest value of the property between the date of the conversion and the date of the trial, or the value of the property at the date of the conversion with interest thereon, subject, however, to the condition that under neither choice can he recover more than the amount of the debt for which the property stands as security. *Elder* v. *Woodruff Hardware Co.,* 9 *Ga. App.* 484 (71 S. E. 806); *Jones* v. *May,* 27 *Ga. App.* 152 (107 S. E. 897).

6. It has been repeatedly held that as between the original seller and the original purchaser the agreed price as stated in the contract of sale is prima facie, but not conclusive, evidence of the actual value of the property, and that upon proof of the contract, in the absence of rebutting testimony as to value, the plaintiff is entitled to recover the balance due thereon.

(a) The purchase-money notes were admissible as evidence of the balance due. *Jones* v. *May,* supra; *Securities Trust Co.* v. *Marshall,* supra.

7. The general rule that the plaintiff cannot recover an amount larger than he sues for, as shown by his pleadings, is applicable in trover cases. In a trover suit, where there is no specific ad damnum clause in the declaration, and the only prayer is for process, the amount of damages asked for will be construed to be the alleged value of the property sued for. Thus construing the petition in this case, the recovery could not legally exceed such alleged value, and to this no interest could be added. *Pitts* v. *Bank of Shiloh,* 20 *Ga. App.* 143 (2) (92 S. E. 775). For this reason, if for no other (see *Drury* v. *Holmes,* 145 *Ga.* 558, 89 S. E. 487), the verdict directed for the amount of the purchase-money notes with interest, which exceeded the alleged value of the property to the extent of such interest, was illegal; and the judgment of the trial court is reversed, unless at the time the remittitur from this court is made the judgment of the court below the plaintiff will write off from the verdict and judgment all excess thereof above the value of the property as alleged in the declaration, including interest. Should the plaintiff in the court below write off such excess the judgment is affirmed. See *Drury* v. *Holmes,* supra.

*Judgment affirmed on condition. Jenkins, P. J., and Stephens, J., concur.*

DECIDED APRIL 24, 1924.

Trover; from city court of Atlanta—Judge Reid. December 14, 1923.

*Morris Macks,* for plaintiff in error.
*Billie B. Bush,* contra.