46

## 26728. DURDEN v. DURDEN.

DECIDED APRIL 22, 1938. REHEARING DENIED JUNE 9, 1938.

*Alfred Herrington Jr.,* for plaintiff in error.

*J. R. Powell Jr.,* contra.

SUTTON, J. In the present case, where a trover action was brought by the plaintiff against the defendant on a bill of sale to recover a certain described mule, and where it appears from the evidence that the plaintiff signed as surety a note for $154.20, executed on December 12, 1931, by the defendant to a third party for the purchase-price of a different mule, and upon default by the defendant in payment the plaintiff, on March 2, 1932, paid the note and had it transferred to him, together with a bill of sale of said mules, which had been given by the defendant to the seller to secure the payment of the note; and where the plaintiff thereupon made demand on the defendant for the payment of the debt or surrender of the property, and the defendant refused to do either, and on the trial of the case where the plaintiff testified that from the defendant he received $121.13 to apply against the amount of the note, leaving a balance due of $33.07, the defendant testifying that the note had been paid in full by reason of certain credits due him, which the plaintiff, on the contrary, testified were applied by agreement with the defendant on an entirely different indebtedness of the defendant, the plaintiff further testifying that the value of the mule for which trover was brought was $40 at the time of the trial, and the wife of the defendant testifying that its value was only $10, and, further, that the mule belonged to her and had been purchased by her with her own funds, as to which there was a conflict in the evidence, the plaintiff testifying that another person had bought the mule for the defendant; and where the plaintiff elected to take the property, and the jury returned a verdict accordingly, and judgment was duly entered thereon, and a motion for new trial on the general grounds was filed by the defendant and was overruled, and that judgment was excepted to, it being contended that the verdict was

unauthorized and improper in that the value of the property exceeded the amount due the plaintiff, *held:*

1. "Where title to the property is shown to be in the plaintiff, proof of demand for it by him on the defendant, and of refusal to deliver by the defendant, makes prima facie a case of conversion." *Farrar Lumber Co.* v. *Pickering,* 22 *Ga. App.* 404 (2) (95 S. E. 1001).

2. "The plaintiff in an action to recover personal property may elect whether to accept an alternative verdict for the property or its value, or whether to demand a verdict for the damages alone, or for the property alone and its hire, if any; and it shall be the duty of the court to instruct the jury to render the verdict as the plaintiff may thus elect." Code, § 107-105.

3. The evidence, although conflicting, was sufficient to authorize the jury to return a verdict in favor of the plaintiff and award the property to him. While it is true that where the title of a plaintiff in a trover suit is held by the plaintiff as security for a debt, the plaintiff, when he elects to take a money verdict, can not recover more than the amount of the debt for which the property converted stands as security *(Elder* v. *Woodruff Hardware Co.,* 9 *Ga. App.* 484 (2), 71 S. E. 806; *Lucas* v. *Cornett,* 36 *Ga. App.* 50, 135 S. E. 510), the `contention of the plaintiff in error that the verdict awarding the property itself was an improper one, because, as claimed, its value exceeded the amount of the debt, is without merit. The plaintiff might have elected to take the highest proved value of the property between the date of the conversion and the trial, which phrase "does not mean the highest estimate given by any witness as to the value during the period stated, but means the highest value which the jury, from consideration of all the proof, finds that the property was worth at any time during that period, if during the period there was a change in its value" *(Elder* v. *Woodruff Hardware Co.,* supra), and the jury was authorized to find the highest proved value to be anywhere between the $10 estimate of value by the defendant's witness and the $40 estimate of value by the plaintiff, and that the value of the property did not exceed the amount of the debt secured by the bill of sale. Furthermore, it appears from the note of $154.20 with a credit of $121.13 on July 8, 1933, which note is a part of the record in this case, that the balance of the principal and interest due

thereon at the time of the trial was approximately $64, which was more than the highest estimate of the value of the mule as shown by any evidence introduced on the trial of the case. Under the rule that verdicts are to have a reasonable intendment, and are to receive a reasonable construction, and are not to be avoided unless from necessity (Code, § 110-105), the award of the property itself, under the election of the plaintiff, was not an improper verdict.

4. The motion to dismiss the writ of error, on the ground that the pauper's affidavit does not comply with the statute, is without merit. The language objected to as being in the conjunctive, "from his poverty he is unable to either pay the costs or make the bond as required by law," is obviously in the disjunctive.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*