38661. TURNER v. KAY JEWELRY COMPANY.

DECIDED FEBRUARY 20, 1961.

*James A. Bagwell, Bagwell & Hames,* for plaintiff in error.

*Heyman, Abram & Young, Levy, Buffington & Levy, M. Alvin Levy,* contra.

JORDAN, Judge. The undisputed evidence in this case demanded a verdict for the plaintiff. However, the defendant contends that there was a conflict in the plaintiff's evidence as to the value of the goods converted and that such conflict created an issue for the jury to decide.

The plaintiff introduced in evidence a written contract showing a total price for the two rings of $1,688.22. This price included the Federal and State taxes on the goods sold. The contract showed a down payment of $50 plus a trade-in allowance of $250, the credits totalling $300. No other credits are shown on the contract, leaving a balance due under the contract of $1,388.22. Payments totaling $287.29 were made by the defendant subsequently to the execution of the contract. However, a

178

ledger card was introduced in evidence by the plaintiff showing an indebtedness of the defendant to the plaintiff prior to the execution of the contract in the amount of $348. Since there was no evidence that the defendant gave any directions as to which claim the credits should apply on, the plaintiff had the election to apply the payments to the older claim. *Code* § 20-1006.

The rule applicable in this case is well stated in *Carter v. American Slicing Machine Co.*, 23 Ga. App. 422, 426 (98 S. E. 365) where the language reads, "It has been held a number of times by this court, that, as between the original seller and the original purchaser, the agreed price as stated in the contract of sale is prima facie but not conclusive evidence of the actual value of the property, and that upon proof of the contract, in the absence of rebutting testimony as to value, the plaintiff was entitled to recover the balance due thereon." Citing *Lott v. Banks*, 21 Ga. App. 246 (94 S. E. 324); *Elder v. Woodruff Hardware Co.*, 9 Ga. App. 484 (71 S. E. 806) and other cases.

We think it immaterial that the "agreed price" as shown by the contract included State and Federal taxes, especially in view of the fact that the defendant offered no rebutting testimony as to the value of the goods involved. Under this reasoning, the plaintiff would have been entitled to a verdict of $1,388.22, the balance due as shown by the contract. The fact that a witness for the plaintiff testified that there was a balance due under the contract of $1,448.93 (which was the balance due as shown by the ledger card) would not create such a conflict as would prevent a directed verdict on the basis of the contract itself.

The directed verdict in favor of the plaintiff was for $1,448.93, the amount of the balance shown to be due under the ledger account rather than the balance due under the contract. As stated above, on the hearing on the motion for a new trial, the trial judge overruled the motion on condition that the plaintiff agree to a write off and reduction of the verdict to $1,253.70. This reduction was agreed to by the plaintiff, the result being that the verdict now under consideration is actually less than that to which the plaintiff was entitled under the contract.

The defendant strongly urges that the court was without au-

thority to order a write off in the amount of the judgment. In *Lee v. Bagwell*, 14 Ga. App. 699 (82 S. E. 49), at page 702 the court stated, "There are many rulings of the Supreme Court and of this court to the effect that where some definite and readily ascertainable portion of the verdict should not, under the law and the facts of the case, have been recovered by the plaintiff, the trial judge may order that the illegal portion be remitted by the plaintiff, or, if not remitted, that a new trial be granted," and on page 703, "The able and exhaustive opinion handed down by Chief Justice Fish in the case of *Central Railway Co. v. Perkerson*, 112 Ga. 923 (38 S. E. 365, 53 L.R.A. 210), which deals with practically all former decisions on this subject, overruling some and harmonizing apparent conflicts in others, decides, as we believe, the true rule in such cases to be that a judge is justifiable in ordering a certain amount of the verdict written off as excessive in some cases, but that he can exercise this right only when the amount is certain from the evidence or by admission of the party affected. As long as the exact amount is matter of dispute it can not be done."

Under the evidence in this case the amount which the plaintiff was entitled to recover was clear, definite, and readily ascertainable and not a matter of dispute between the plaintiff and the defendant.

The defendant, therefore, cannot complain when such write off reduced the judgment to an amount below that to which the plaintiff was entitled. Of course the plaintiff cannot complain, having agreed to the reduction. The result is therefore that the judgment is now within the amount to which the evidence demanded the plaintiff to be entitled.

Special ground 4 of the amended motion was abandoned.

Since the conditional-sale contract introduced in evidence showed that title to the rings in question was retained by Kay Jewelry Company, a corporation, it was not error, as contended in special ground 5 for the court to refuse to allow the witness for the plaintiff to answer the following question on cross-examination by the defendant: "In behalf of Kay Jewelry, who retained title on these rings?"

Special grounds 6, 11, and 16 contend that the defendant

180

on several occasions had tendered the rings back to the plaintiff, who refused to accept them; that the plaintiff thereby renounced title to same and hence there was no conversion by the defendant. At that time no demand had been made on the defendant for the return of the property and there was no obligation on the plaintiff to accept same. The evidence is uncontradicted that the defendant did not tender the property to the plaintiff *after* demand for same had been made upon her. These grounds are, therefore, without merit.

Special grounds 7, 9, 10, 13, 14 and 15 involve the contention that the evidence does not fix the value of the merchandise sought to be recovered. The title-retention contract, introduced in evidence, clearly showed the total agreed price between the parties, the credits thereon, and the balance due. These grounds are without merit. The agreed price in the contract, in the absence of rebutting testimony, established the value. See *Carter v. American Slicing Machine Co.*, 23 Ga. App. 422, supra.

Special ground 8 complains of the introduction of a ledger card by the plaintiff showing a record of a previous transaction and the payments made. No showing is made that such evidence was harmful to the defendant and the ground is without merit.

Special ground 12 contends that the weight and credit to be given to the ledger account card introduced by the plaintiff were matters for consideration of a jury. This ground is without merit in view of the other evidence introduced by the plaintiff which demanded a verdict in its favor.

The trial court did not err in directing a verdict for the plaintiff and in later denying the defendant's motion for judgment notwithstanding the verdict and amended motion for new trial.

*Judgment affirmed. Townsend, P. J., Carlisle and Frankum, JJ., concur.*