42282.  CHASTAIN v. CONSOLIDATED CREDIT CORPORATION.

ARGUED SEPTEMBER 7, 1966—DECIDED SEPTEMBER 26, 1966— REHEARING DENIED OCTOBER 13, 1966—

*F. Kelly McCutchen,* for appellant.

*Walter H. Bolling,* for appellee.

EBERHARDT, Judge. ■ There was no error in overruling the demurrers to the petition. It was brought substantially in the

Jack Jones form with a copy of the combination note and bill of sale to secure debt attached as an exhibit, with an allegation that the defendant had defaulted in the payment of the first instalment of the indebtedness. The instrument carried an acceleration clause automatically maturing the entire indebtedness upon default in any instalment.

There is no merit in the contention that the petition failed to disclose whether plaintiff proceeded in tort or in contract. On its face it was a trover action, which is in tort. It rests upon a conversion or a wrongful withholding of possession.

Nor is there merit in the demurrer seeking the separate amounts of the principal, interest, charges, fees or other obligations, or complaining that the petition was too vague and uncertain to apprise the defendant of plaintiff's demand. The copy of the instrument attached showed the amount of the demand to be $186.60, with interest from maturity at the highest lawful contract rate, payable in six monthly installments of $31.10 beginning October 3, 1963, and ending March 3, 1964.

■ There was no error in disallowing the amendment to the plea in bankruptcy. As was pointed out in our prior opinion, although the debtor may have received his discharge in bankruptcy, his creditor is nevertheless entitled to pursue the property to which it held title or to which it had a right of possession under the bill of sale to secure debt. The previous decision was predicated upon the premise that the debt had been discharged, and an allegation that the debt was dischargeable could add nothing. Moreover, the plea in bankruptcy had been stricken and there was nothing to amend.

■ Insofar as the items of furniture and household appliances are concerned, there was no error in the sustaining of the demurrers to the proffered amendment to the answer, except as to the denial of the amount of the monthly hire.. The contention that title was outstanding in another was dealt with in *Chastain v. Consolidated Credit Corp.*, 113 Ga. App. 225 (2), supra, and our ruling there is controlling here. *Cromer v. Cromer*, 222 Ga. 365, 367 (149 SE2d 804). It does not appear from any allegation of the answer, as thus amended, that the defendant was not in possession of these at the time suit was filed, but he does deny

plaintiff's title. As to these it was unnecessary that any demand or conversion be proven. *Stephens v. Millirons Garage, Inc.,* 109 Ga. App. 832 (137 SE2d 563); *Graham v. State Street Bank &c. Co.,* 111 Ga. App. 416 (142 SE2d 99); *Scarboro v. Goethe,* 118 Ga. 543 (45 SE 413). Consequently, it was unnecessary to allege them, and denial of them is immaterial.

But since the defendant does allege that the Buick automobile had been repossessed by the finance company holding a prior bill of sale and that he had not since been in possession of it, the allegations of the amendment, insofar as they may relate to it, are pertinent and should not have been stricken. *Propes v. Todd,* 89 Ga. App. 308 (79 SE2d 346). As to it, they raise a question of fact as to whether plaintiff had title or right of possession as well as whether a demand had been made, or whether there had been a conversion, and a question as to the amount of the monthly hire, all of which must be determined by a jury.

■ While the debt may have been discharged in bankruptcy so that plaintiff can not recover on it, yet it is entitled to recover in trover for the property, or its value; and the measure of the recovery, if plaintiff elects to take a money verdict, is the value of the property and its hire, up to but not in excess of the amount of the debt. When, as here, the trover action is grounded upon a bill of sale to secure debt, conditional sale contract, or the like, the parties have presumptively agreed, in the execution of the contract, that the value of the property conveyed or of the maker's interest in it, is at least equal to the amount of the debt, and plaintiff may prima facie prove the value by proving the amount of the debt that is due. *Young v. Durham,* 15 Ga. App. 678 (1) (84 SE 165); *Jordan v. Jenkins,* 17 Ga. App. 58 (86 SE 278); *Moore v. Furstenwerth-Uhl Jewelry Co.,* 17 Ga. App. 669 (87 SE 1097); *Carter v. American Slicing Machine Co.,* 23 Ga. App. 422 (2) (98 SE 365); *Jones v. May,* 27 Ga. App. 152 (1a) (107 SE 897); *Levy v. American Wholesale Corp.,* 32 Ga. App. 103 (2) (122 SE 808); *Williams v. Baggs Auto Co.,* 32 Ga. App. 253 (6) (122 SE 805); *Turner v. Kay Jewelry Co.,* 103 Ga. App. 176 (118 SE2d 726); *Fussell v. Heard & Fullington,* 119 Ga. 527 (46 SE 621); *Citizens Bank of Madison v. Shaw,* 132 Ga. 771 (3) (65 SE 81). Proof of the hire must, of

course, be separately made when recovery is sought for that. If it should appear that the value of the property and its hire is less than the amount of the debt, the recovery must be limited to the value and hire. *Elder v. Woodruff Hardware &c. Co.,* 9 Ga. App. 484 (71 SE 806). In this connection if it should appear that plaintiff is chargeable with notice, actual or constructive, of a prior encumbrance on the property, and that it has not been satisfied, the outstanding and unpaid balance on it, if proven, should be taken into account by the jury in arriving at the value of the property, or of his interest therein, under plaintiff's instrument. *Holmes v. Langston & Woodson,* 110 Ga. 861, 867 (2) (36 SE 251); *Commercial Auto Loan Corp. v. Baker,* 73 Ga. App. 534 (3) (37 SE2d 636); *Friendly Finance Co. v. Stover,* 109 Ga. App. 21, 23 (134 SE2d 837). But the showing of a value less than the prima facie value shown by proof of the balance due on the debt is a matter of defense. One way of doing it is by showing that less than full title was conveyed and that the grantee had notice of it at the time; another is by showing that the value of the property is, in fact, less than the balance of the debt. Once the prima facie case is made, the defendant has the burden of proving these facts. The presumption, of course, remains until there is a contrary showing, and applies to the property or the interest therein conveyed even when subject to a prior encumbrance of which the grantee was charged with notice.

If it should appear that the Buick automobile was lawfully repossessed by one holding a bill of sale entitled to priority, of which the plaintiff had notice as alleged in the amended answer, its value should not be taken into account in measuring the recovery; it should be limited to the value and hire of the furniture and household appliances, but in no event to exceed the amount of the debt. If notice, actual or constructive, does not appear, and a demand or conversion is shown, the recovery is to be measured by the value and hire of all the items, up to the amount of the debt.

If it is sought to prove that the value of the property is other than the prima facie value evidenced by the instrument and proof of the balance due, the evidence should measure up to the standard of *Hoard v. Wiley,* 113 Ga. App. 328 (147 SE2d 782); *Ricker*

*v. Brancale,* 113 Ga. App. 447 (3) (148 SE2d 468); and see *Bankers Health &c. Ins. Co. v. Fryhofer,* 114 Ga. App. 107 (150 SE2d 356).

Appellee urges that the defendant-appellant, having admitted the execution of the bill of sale to secure debt containing a warranty of title, copy of which is attached to the petition, is bound by the warranty and can not plead or prove anything tending to show that he had less than a full title or conveyed less by the bill of sale. It is urged that the exhibit (copy of the bill of sale) attached to plaintiff's petition containing the warranty must control over any contrary allegations which the defendant sought to set up in his answer, citing *Dell v. Kugel,* 99 Ga. App. 551, 563 (109 SE2d 532). This is not a suit on the warranty, nor for the breach of it; it is a trover action in which value of the property, or of the defendant's interest therein, is an essential element and a vital issue. Value is not established by a warranty of title. The principle of *Dell v. Kugel* and similar cases does not require a different result.

*Judgment affirmed in part; reversed in part. Bell, P. J. and Jordan, J., concur.*