## ROBSON *vs.* RAWLINGS.

1. Personalty sold by the sheriff subject to the exemption right, pending an application to set apart the property, may be recovered of the purchaser, though the pending application failed, if a subsequent application succeeded. But if the sale was made subject, not to the right itself but only to the result of the pending application, there can be no recovery. The question is for the jury, and to be determined by the value of the property, the price paid, the terms of the notice given, and all the facts and circumstances of the transaction. *Prima facie* a reservation would be of the right, and not merely of the pending remedy.
2. The evidence of possession in defendant when the action was brought may be inferential, and need not be strong to prevent a nonsuit, the action being complaint in the nature of trover.

November 10, 1887.

Homestead. Exemptions. Evidence. Nonsuit. Before Judge LUMPKIN. Washington Superior Court. March Term, 1887.

Both applications embraced the same land and personalty, including three mules and fourteen hogs, the first filed in 1883, the second in 1885, immediately after final judgment denying the first, which failed because the applicant was a married woman, not the head of a family, and could not, as such head, have a homestead in her own property (see 74 *Ga.* 823); the second alleged that she was

an infirm person and had the care and support of a dependent female, her minor daughter, etc.; it was approved by the ordinary August 4th, 1886. Pending the first application, the mules and hogs were legally sold by the sheriff under a *fi. fa.* against the applicant, the mules for $3.00 and the hogs for $10.00, the hogs and one of the mules being worth $200; the sale was made subject to a mortgage (which has since been paid by the mortgagor), and with notice of the then pending application for homestead; Rawlings was the purchaser and took possession of the property. This action is for the hogs and one of the mules; it was brought August 17th, 1886. The court granted a nonsuit.

HARRIS & ROBSON; HARRISON & PEEPLES, for plaintiff in error.

O. H. ROGERS, by J. H. LUMPKIN, for defendant.

BLECKLEY, Chief Justice, (after stating the above facts.)

1. If this property was sold subject to the exemption right, if it was so understood, and brought only a fraction of its value, this lady has a remedy in equity, if not at law, against the purchaser. She has a right, based upon sound equitable facts and principles, to have the enjoyment of this property, to effectuate the right in contemplation of which the sale was made, and the purchase at that sale consummated. Now that there is so little distinction between legal and equitable remedies, that right can be administered in a court of law; and if this declaration (the evidence came in under the declaration without objection apparently) is not broad enough or specific enough, it can be amended, and could have been amended in the court below; and we think the judge ought not to have granted the nonsuit, and that there was a substantial case before the jury, if they thought the exemption right was saved, and not merely the pending application. On the other hand, if

they thought that it was the understanding that the exemption right was to go with the failure of that one application, and that was to be an end of it, there ought to have been no recovery. But this was a question of fact the court could not determine, and it ought to have been referred to the jury.

2. With regard to the possession of the property at the time the action was brought, which the code (§3028) makes sufficient to recover upon, in lieu of actual conversion, there was sufficient evidence to go to the jury, as it showed that the defendant bid off the property and took it into his possession a few years before; that state of things being shown, there would be some degree of presumption that the possession had not changed, and that he still had possession. 43 *Ga.* 323. At all events, the jury might or might not have inferred the continuance of possession up to the time the action was brought. On both elements of the case there was enough for the jury to act upon, and any shortcoming in the declaration could have been amended. It is better to conduct this litigation through than to defeat the case and have the plaintiff resort to a bill in equity or its equivalent in a court of law.

So the judgment of nonsuit is reversed.

The head-notes are a part of this opinion.

Judgment reversed.