## TIDWELL *vs.* BURKETT.

Where a note, which had been given by Tidwell to Burkett, and which recited that it was given for the purchase money of a certain mule and that the mule was to remain the property of Burkett until paid for, had been transferred by Burkett to third parties, and was in their hands when Burkett brought his action of trover for the mule against Tidwell, and at the time Burkett obtained verdict for the same, such verdict was unwarranted by the facts. The bringing of the action was equivalent to a rescission of the whole contract, so far as the note was concerned, and Burkett had no right to recover the value of the mule from Tidwell, before he had delivered up the note.

May 28, 1888.

Contracts. Promissory notes. Rescission. Before Judge HARRIS. City court of Macon. December term, 1887.

Reported in the decision.

LOFTON & MOORE, by M. G. BAYNE, for plaintiff in error.

J. C. HOWLAND, by J. H. HALL, *contra.*

BLANDFORD, Justice.

This is a strange case, and was strangely tried and decided. It appears that Tidwell bought a mule from one Hicks, giving him in exchange another mule, and his note for the difference in value, $22.50. Tidwell afterwards requested Burkett to pay this note for him, which Burkett did; Tidwell, according to Burkett's testimony, authorizing Hicks to make Burkett a bill of sale to the mule. Tidwell, desiring to trade this mule to his father in exchange for another, agreed with Burkett that the mule received in the exchange should take the place of the mule bought from Hicks. In settlement of his indebtedness to Burkett, Tidwell gave Burkett his note for $161.90, reciting therein that it was given for the purchase money of this mule, which should remain the property of Burkett until the note should be paid. It appears from the testimony that the true consideration of this note was an open account of sixty or seventy dollars due by Tidwell to Burkett, and the amount of the note for $20.50 which Burkett had paid Hicks for Tidwell. This note from Tidwell to Burkett was transferred by the latter to Nussbaum & Co. as collateral security. Burkett afterwards sued Tidwell in bail trover to recover the mule mentioned in the note; and a recovery was had.

1. We think this recovery was wrong. The note had been transferred to Nussbaum & Co., and was in their hands at the time this action was brought and at the time the judgment was rendered; and we think the bringing of this action by Burkett to recover the mule was equivalent to a rescission of the whole contract, so far as the note was concerned; that he had no right to

recover the value of the mule from Tidwell before he had delivered up the note.

There was nothing said in this case as to usury in the note, although it appears to have been given for almost twice the amount of indebtedness.

We think the verdict was unwarranted by the facts of the case; and we reverse the judgment of the court below in refusing to grant a new trial.

Judgment reversed.