## TRAMMELL *v.* MALLORY BROTHERS & COMPANY.

1. When the defendant in an action of trover, for the recovery of personalty and its hire, at the first term tenders the property sued for and files an answer disclaiming title thereto, and in such answer also alleges that the property was worth nothing for hire and that no demand was made before suit, and also sets up facts showing that there has been no conversion, such answer substantially meets the requirements of the Civil Code, § 3897, and the plaintiff can not have a money verdict for the value of the property, but the trial should proceed for the purpose of determining whether or not the plaintiff is entitled to recover hire and costs.

2. Where in such a case the property sued for consists of cumbrous articles, such as an engine and boiler and cotton-gin, and the plaintiff is a non-resident of the county in which the same is situated, a bona fide offer to deliver the property at any railroad station in that county which the plaintiff may select is sufficient to constitute a proper tender.

Submitted May 1, — Decided June 10, 1902.

Trover.　Before Judge Spence.　Worth superior court.　October 31, 1901.

*Frank Park*, for plaintiff in error.　*D. H. Pope & Son*, contra.

Fish, J.　Mallory Brothers & Company brought an action of bail-trover against J. W. Trammell, to recover an engine, boiler, and cotton-gin, and hire for the same.　At the first term the defendant tendered to the plaintiff the property sued for, and filed an answer disclaiming title thereto, and alleging that the property was worth nothing for hire, that no demand for the property had been made upon him prior to the filing of the suit, and setting up facts showing that there had been no conversion.　Upon the trial the defendant insisted that, in view of his tender and disclaimer of title at the first term, the only issue to be tried was as to whether any hire or costs should be recovered by the plaintiffs; and requested the court to submit that issue only to the jury.　The court declined to comply with this request, and defendant excepted.　It appeared upon the trial that plaintiffs had sold the property sued for to defendant on credit, taking his notes for the purchase-money, the notes reciting that title to the property should remain in the plaintiffs till all the purchase-price should be paid.　The evidence submitted in behalf of the defendant tended to show that the gin was practically worthless, and that, on this account, defendant was unable to run the machinery for ginning cotton, the purpose for which it was bought.　It also appeared that the defendant, after full knowledge of the alleged defects in the machinery, renewed the purchase-money notes, which were in evidence, and gave additional security for their payment.　There was no evidence either of a demand upon the defendant for the property, or of an actual conversion of the same by him, before suit.　After all the evidence was submitted, the plaintiffs asked for a verdict for the amount appearing to be due on the renewal notes for the purchase-money, and the court directed a verdict in accordance with this request.　Defendant excepted to such direction, upon various grounds.　We deem it

necessary to deal with only one of the grounds of exception, viz.: that after tender and disclaimer of title, made by defendant at the first term, together with the allegations in his answer then filed, to the effect that the property was worth nothing for hire, and that no demand for the property had been made and there had been no conversion, the trial could proceed for the purpose of determining only whether or not the plaintiffs were entitled to recover hire and costs.

We think this exception well taken. The Civil Code, § 3897, declares : " In actions for the recovery of personal property, if the defendant at the first term will tender the property to the plaintiff, together with reasonable hire for the same since the conversion, disclaiming all claim of title, the costs of the action shall be paid by the plaintiff, unless he can prove a previous demand of the defendant, and a refusal to deliver it up." . The defendant substantially met the requirements of this section. At the first term he filed an answer in which he expressly disclaimed all claim of title to the property sued for, and tendered it to the plaintiffs, offering and agreeing, as it was impracticable to bring it into court, to place it free on board the cars at any railway station in Worth county the plaintiffs might designate. The property was cumbrous, and it appeared that the plaintiffs did not reside in Worth county, where the property was situated and where the suit was pending, but in Bibb county.    Under the circumstances, we think this was a good tender.    Civil Code, § 3729.    It is true that defendant did not tender reasonable hire for the property " since the conversion," but he alleged, as a reason for his failure to do so, that the property was worth nothing for hire, that there had been no demand made upon him for the property, and that there had been no conversion of it. If there had been no conversion, or if the property was worth nothing for hire, the plaintiffs could not recover hire. Under the Civil Code, § 5335, the plaintiff in an action to recover personal property may say, upon the trial, whether he will accept an alternative verdict for the property or its value, or whether he will demand a verdict for the damages alone, or for the property alone and its hire, if any ; and it is the duty of the court to instruct the jury, if they believe the plaintiff entitled to recover, to render the verdict as the plaintiff may thus elect. But this section must be construed in connection with section 3897; and where the action

is to recover the property and its hire, and the defendant, at the first term, tenders the property to the plaintiff, together with reasonable hire for the same since the conversion, disclaiming all claim of title, the costs of the action shall be paid by the plaintiff, unless he can prove a previous demand of the defendant and a refusal to deliver up. Where in such a case the defendant has complied, at the first term, with the provisions of section 3897, and thereby has become entitled to the rights therein conferred, he can not thereafter be divested of such rights by the plaintiff, at the trial term electing to take a verdict for damages instead of one for the property and its hire. Where the defendant fails to comply with section 3897, then the plaintiff may elect as to the verdict he will take in the event of recovery, as provided in section 5335. From the foregoing it follows that the court erred in directing the verdict complained of, and in not limiting the issue to be tried by the jury to the question whether or not the plaintiffs were entitled to recover hire and costs.

*Judgment reversed. All the Justices concurring, except Lewis, J., absent.*