### 830.  WALTON v. HENDERSON, guardian.

1. A homestead exemption set apart to a widow out of the estate of her deceased husband for the benefit of herself and their minor children, in so far as her interest in the homestead is concerned, on her subsequent marriage, becomes vested in the minor children during their minority. On her death intestate, neither her administrator nor her surviving husband has an interest in the same, as it constitutes no part of her estate.
2. "In estimating the value of personalty unlawfully detained, the plaintiff may recover the highest amount which he can prove between the time of the conversion and the trial."
3. A tender in trover must embrace all the property claimed by the plaintiff, must be unconditional, and must disclaim all claim of title. A conditional tender makes an issue; and if the issue is decided against the defendant, he must pay the cost of the action.

Trover, from Jasper superior court—Judge Lewis.   October 23, 1907.

Submitted January 20,—Decided April 9, 1908.

*A. Y. Clement,* for plaintiff in error.   *W. S. Florence,* contra.

HILL, C. J. Henderson, as guardian of four minor children, brought suit in trover, in Jasper county court, against Walton. The defendant gave a replevy bond covering all the property claimed in the suit, and, by consent, the case was appealed, for trial, to the superior court. When the case was called for trial in the superior court, the defendant admitted that he had in his possession certain of the articles described in the petition, which articles he had at the first term tendered to the plaintiff, disclaiming all claim of title. This tender did not embrace all the property described in the petition and the affidavit, there being articles described therein which the defendant refused to tender, and to which he claimed title. On the trial the plaintiff elected to take a money verdict; and, under the evidence, the jury found in favor of the plaintiff the sum of $90. The defendant filed a motion for a new trial, which was overruled.

The evidence, briefly stated, is as follows: Henderson, who filed the petition in behalf of the minors, had been duly appointed their guardian. His wards were the four minor children of the wife of the defendant by a previous marriage. During her widowhood she had had the personal property in controversy set apart as a homestead for herself and these children. After her marriage to the defendant these children continued to live with her, and, at her death, this property was left in the possession of the defendant. She died intestate, and there was no administration on her estate. Before bringing the suit, the plaintiff, as guardian, made demands on the defendant for the property and he refused to deliver any part of it, but claimed an interest in it. The plaintiff in error submits for our decision three questions. He contends: (1) that as the heir of his wife, with these children, he was, as to the said property, a tenant in common with them; and as there had been no partition of the property, an action in trover could not be maintained in their behalf; (2) that the verdict for $90, as the value of the property in controversy, was without any evidence to support it, as there was no evidence of any market value of the articles to which the plaintiff was entitled, the evidence as to the value of these articles being entirely fanciful, imaginary, and speculative; and (3) that the court erred in instructing the jury to return a money verdict; because the defendant had at the first term of the court, and in his answer then

filed, made a tender of all the articles embraced in the demands, petition, and affidavit, with the exception of those things, fully ·described, which the defendant claimed in his individual right, and because the plaintiff had failed to show that he was entitled to recover more than the articles thus tendered.

1. It is well settled, as a general rule, that trover will not lie in favor of one tenant in common against his cotenant; for the one tenant is as much entitled to the possession of the property as the other, and in law the possession of one is the possession of both. There are certain exceptions to this general rule, but these, as well as the rule itself, are not applicable here. In this case, under the facts and the law applicable thereto, the defendant was not a cotenant with the wards of the plaintiff. The homestead had been set apart to them and their mother out of the estate of their father. Upon their mother's marriage, her interest in the homestead exemption became vested in them during their minority, and after her marriage she had no further title to any part of the homestead; and, of course, this defendant, as her surviving husband, could have no interest in it, and on the death of their mother the guardian of these minor children was entitled to the possession of all of this exempt property for the benefit of his wards. *Braswell* v. *McDaniel*, 74 *Ga.* 319; *Love* v. *Anderson*, 89 *Ga.* 612 (16 S. E. 68).

2. It is true that where the plaintiff in an action of trover elects to take a money verdict, the value of the converted property at the time of conversion, or at some period between the conversion and the trial, must be proved, to authorize such a verdict; and it may be true that the market value is the correct measure, where there is any controversy on the question of value. In this case the evidence in behalf of the plaintiff, on the subject of value, would have authorized the jury to return a verdict for a much larger sum than that found by them as the value of the property described in the petition and affidavit, and covered by the replevy bond. There appears no foundation for the assumption on the part of the plaintiff in error, that the jury found the plaintiff was entitled to only a portion of the articles described in the petition. The jury, under the pleadings and the evidence, could have found that the plaintiff was entitled to all the articles described; and if they so thought, it follows that a money verdict for $90 was fully

supported, it appearing that the value of all the articles in question was given by some of the witnesses as being $200. The plaintiff in error has no just ground to complain of the amount of the verdict.

3. The court did not err in instructing the jury to return a money verdict. While it is true that section 5335 of the Civil Code, which authorizes such instruction at the election of the plaintiff, should be construed in connection with §3897 on the subject of tender and disclaimer of title, we do not think the facts in this case show a compliance with the latter section. The defendant, at the first term, made a tender of only a portion of the property claimed by the plaintiff, and, instead of disclaiming all claim of title, set up an adverse title to a certain portion of the property described in the petition and in the replevy bond. Besides, the evidence for the plaintiff proves a previous demand made by him on the defendant, and a refusal to deliver the property. The replevy bond executed by the defendant covered all the property claimed by the plaintiff; and the defendant admitted in judicio that the plaintiff was entitled to a portion of the property then, and at the date of the previous demand. After the defendant had refused to deliver the property in response to a previous demand on him, and had given a replevy bond covering all the property in question, and had admitted that, at least as to a portion of the property demanded, his possession was wrongful, he was not in a position to claim any advantage from what he denominated a tender of the property. Under these circumstances, his tender was clearly insufficient in law, and the court did right to instruct the jury to render a verdict for the value of the property, in accordance with the election of the plaintiff. *Trammell* v. *Mallory,* 115 *Ga.* 748 (42 S. E. 62) ; *Phillips'* v. *Taber,* 83 *Ga.* 565 (10 S. E. 270). *Judgment affirmed.*