### 13900.　SECURITIES TRUST CO. *v.* MARSHALL.

BELL, J. The plaintiff as the transferee of the vendor in a contract of conditional sale, and indorsee of accompanying purchase-money notes, brought a suit in trover against the defendant vendee for the recovery of an automobile. The court awarded a nonsuit, upon which the plaintiff assigns error. The plaintiff excepts also to the overruling in part of its demurrer to an amendment to the answer of the defendant. The defendant has moved to dismiss the bill of exceptions upon the ground that no brief of the evidence is specified as a part of the record or incorporated in the bill of exceptions, and that there has been no bona fide effort " to brief said documentary evidence or to eliminate immaterial and irrelevant parts thereof." *Held*:

1. Regardless of whether a failure properly to brief would be a ground for dismissal of a bill of exceptions assigning error upon a nonsuit, or merely a reason for an affirmance without a consideration of the evidence, it appears in this case that while there were ten promissory notes

introduced, only one is brought up in the record, a copy of this one being set out with the statement that the others were " similar in terms and varying only as to the maturity,"— also that the other documents in evidence could not reasonably be briefed so as to convey their meaning as accurately as if set out in full. Thus it sufficiently appears that a bona fide effort was made to brief the evidence. This court, therefore, will neither dismiss the bill of exceptions nor decline to consider assignments of error depending thereon. See Civil Code (1910), §§ 6139, 6183. This ruling is not in conflict with the decision in *Weathers* v. *Paga Mining Co.,* 147 *Ga.* 463 (1) (97 S. E. 667) ; *Henslee* v. *Harper,* 148 *Ga.* 621 (2) (97 S. E. 667), or *Mulinix* v. *Davenport,* 19 *Ga. App.* 479 (2) (91 S. E. 787), cited by the defendant in error.

2. " In a trover case, demand and refusal are necessary only as evidence of conversion, and need not be proved where conversion is otherwise shown." *Hicks* v. *Moyer,* 10 *Ga. App.* 488 (4) (73 S. E. 754) ; *Merchants & Miners Transportation Co.* v. *Moore,* 124 *Ga.* 482 (2) (52 S. E. 802).

3. In an action in trover it is not necessary to prove any conversion of the property where the defendant is in possession when the action is brought (Civil Code of 1910, § 4483), and in his answer denies the averments of the plaintiff's title as contained in the petition. *Scarboro* v. *Goethe,* 118 *Ga.* 543 (45 S. E. 413). The question whether in such a case proof of a demand would have been necessary under this code section, in the absence of the denial of the plaintiff's averment of title, does not arise for decision under the present record.

4. " The evidence of possession in defendant when the action was brought may be inferential, and need not be strong to prevent a nonsuit, the action being complaint in the nature of trover." *Robson* v. *Rawlings,* 79 *Ga.* 354 (2) (7 S. E. 212).

5. Where personal property is sold, and the seller retains the title as security for his purchase-money, and where, on the failure of the vendee to pay the indebtedness at maturity, the seller's transferee institutes an action in trover for the property, the inferential evidence, as contained in the extract from the defendant's schedule in bankruptcy and in the testimony of the defendant, called as a witness by the plaintiff, that the defendant went into possession under the conditional sale, which was dated November 10, 1920, was some proof of his possession at the time of the institution of the suit, the exact date of the filing of which is not shown, but to which the process was annexed on April 21, 1921. " That state of things being shown, there would be some degree of presumption that the possession had not changed, and that he still had possession " at the time the action was brought. *Robson* v. *Rawlings,* supra. This, when taken with the denial in the original answer of the defendant of the plaintiff's averment that " the said personal property is the property of your petitioner," was prima facie sufficient to render proof of a formal demand and refusal unnecessary. *Muse* v. *Wright,* 103 *Ga.* 783 (30 S. E. 662) ; *Grant* v. *Miller,* 107 *Ga.* 804 (2) (33 S. E. 671) ; *Scarboro* v. *Goethe,* 118 *Ga.* 543 (45 S. E. 413) ; *Young* v. *Durham,* 15 *Ga. App.* 678 (5) (84 S. E. 165).

6. In regard to the contention of the defendant that there was no proof of the value of the property sued for, the plaintiff having elected to take a money verdict, " it has been held a number of times by this court, that, as between the original seller and the original purchaser, the agreed price as stated in the contract of sale is prima facie, but not conclusive, evidence of the actual value of the property, and that upon proof of the contract, in the absence of rebutting testimony as to value, the plaintiff was entitled to recover the balance due thereon. *Lott* v. *Banks*, 21 *Ga. App.* 249 (94 S. E. 324). See also *Elder* v. *Woodruff Hardware Co.*, 9 *Ga. App.* 484 (71 S. E. 806); s. c. 16 *Ga. App.* 255 (82 S. E. 268); *Jordan* v. *Jenkins*, 17 *Ga. App.* 58 (86 S. E. 278); *Moore* v. *Furstenwerth-Uhl Jewelry Co.*, 17 *Ga. App.* 669 (87 S. E. 1097); *Young* v. *Durham*, supra." *Carter* v. *American Machine Co.*, 23 *Ga. App.* 422 (2), 426 (98 S. E. 365). See also *Horne* v. *Guiser Mfg. Co.*, 74 *Ga.* 790 (3); *Bradley* v. *Burkett*, 82 *Ga.* 255 (2) (11 S. E. 492). The plaintiff, as the transferee of the original vendor, would succeed to all of the rights of the latter under the conditional sale contract. *Jordan Mercantile Co.* v. *Brooks*, 149 *Ga.* 157; s. c. 24 *Ga. App.* 3 (1); *Hooper* v. *Bank of Hiawassee*, 29 *Ga. App.* 459 (2) (116 S. E. 32).

7. While it is true that " a vendor who has taken a note for the purchase price of personalty and has reserved title in himself until full payment of the purchase money cannot in an action of trover for the property after a default in payment recover the value of the property from the vendee until the note has been delivered up to him or has been sufficiently accounted for so that the vendee will incur no further risk of liability thereon " (*Smith* v. *Commercial Credit Co.*, 28 *Ga. App.* 403 (4), 111 S. E. 821, citing *Tidwell* v. *Burkett*, 81 *Ga.* 84, 85, 6 S. E. 816; *Glisson* v. *Heggie*, 105 *Ga.* 30, 33, 31 S. E. 118; *Moultrie Repair Co.* v. *Hill*, 120 *Ga.* 730 (4), 48 S. E. 143; *Venable* v. *Young*, 137 *Ga.* 375 (3), 73 S. E. 633; *Ayash* v. *Georgia Show Case Co.*, 17 *Ga. App.* 467 (4), 87 S. E. 689), yet where the plaintiff *elected to take a money verdict in lieu of the property* and brought into court and introduced in evidence the conditional-sale contract and the notes, from which it appeared that the plaintiff was the owner by transfer and assignment from the vendor of the conditional-sale contract with the property therein described, and of the accompanying notes, all of which were past due at the time of the trial, and where at the time of the introduction of these documents in evidence the attorney for the plaintiff, in response to a warning by the court, invoked by the opposite counsel, that these papers should be surrendered to the defendant, announced " to the court and counsel representing the defendant that at the proper time he would surrender both the notes and the contract," this for the time being was a sufficient accounting for the note and contract. It being indisputably shown by an inspection of the documents themselves that no other than the plaintiff was the owner, and that all of the indebtedness as evidenced by the notes was past due, it followed, as a necessary conclusion, that, if the plaintiff should prevail according to its election, neither it nor any other person could ever enforce any further liability upon the notes. *Jackson* v. *Brown*, 102 *Ga.* 87 (1), 89 (29 S. E. 149, 66 Am. St. Rep. 156); *Pannell* v. *McGarity*, 27 *Ga. App.* 71 (107 S. E. 352); *Venable* v. *Young*, supra. The failure, therefore, of the plaintiff

actually to surrender to the defendant the physical possession of the papers thus already within the control of the court as evidence admitted, afforded no reason for a nonsuit. In such a case the court " should instruct the jury to so mold their verdict as to protect the substantial equities and rights of the parties." *Glisson* v. *Heggie*, 105 *Ga.* 30, 33 (31 S. E. 118).

8. " In actions for the recovery of personal property, if the defendant at the first term will tender the property to the plaintiff, together with reasonable hire for the same since the conversion, disclaiming all claim of title, the costs of the action shall be paid by the plaintiff, unless he can prove a previous demand of the defendant, and a refusal to deliver it up." Civil Code (1910), §4494. In case of such a tender, if there has been no conversion, the plaintiff could not recover hire. *Trammell* v. *Mallory*, 115 *Ga.* 748 (1), 750 (42 S. E. 62). .

9. " Conceding that under section 4494 of the Civil Code the proffered amendment setting up a tender, etc., was offered too late to relieve the defendant from the costs of the proceeding and to charge the plaintiff therewith, the defendant was, nevertheless, not precluded from setting up by amendment, after the first term, a tender of the property to · the plaintiff, a tender of the reasonable hire therefor [or alleging that there had been no demand or refusal to deliver up and no conversion], and from disclaiming title thereto." *Woodruff Machinery Co.* v. *Griffin*, 17 *Ga. App.* 529 (2) (87 S. E. 808).

10. Under the principles of the two preceding paragraphs, the part of the amendment to the defendant's answer which alleged merely that " this defendant now stands ready and willing to surrender and does hereby tender said property to said plaintiff " was insufficient as against the demurrer that it set forth no defense, but in view of other allegations of the amendment, " that no demand was ever made upon him [the defendant] for said property; that he never refused to surrender said property, and that he has not been guilty of a conversion thereof," the defect consisted solely of the omission of a disclaimer of title. *Trammell* v. *Mallory*, supra; *Walton* v. *Henderson*, 4 *Ga. App.* 173 (3) (61 S. E. 28); *Jecms* v. *Lewis*, 13 *Ga. App.* 456 (3) (79 S. E. 235); *Hodges* v. *Cummings*, 115 *Ga.* 1000 (1) (42 S. E. 394).

11. Under the rule that "no part of an answer shall be stricken out or rejected on account of being contradictory to another part of the same " (Civil Code of 1910, § 5649), the part of the amendment last quoted in the preceding paragraph was not subject to be stricken merely because in the original answer the defendant had denied the averment that the title to the property was in the plaintiff, or for any other reason appearing, and the demurrer thereto was properly overruled.    . .

12. Questions as to the effect that the act of the defendant in carrying the automobile into another State, whether before or after the filing of the suit, but apparently before the defendant's amendment attempting to set up a tender, contended by the plaintiff to have been done in violation of the terms of the conditional-sale contract, or his act in pledging the property to secure certain persons in signing the replevy bond with him in this case, done after the filing of the suit but before the amendment, would have upon the ability to maintain the defense sought to

be set up thereby, are not presented, and therefore not decided, at this time.

13. Under the rulings of the above paragraphs 2 to 7 inclusive, the court erred in awarding a nonsuit. It was error also to overrule the plaintiff's demurrer to the last clause of paragraph B of the amendment to the defendant's answer as first quoted in paragraph 10 above.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JUNE 25, 1923.

Trover; from city court of Savannah — Judge Freeman. June 22, 1922.

*Livingston Kenan,* for plaintiff.

*McIntire, Walsh & Bernstein,* for defendant.