16276.  DOWNS MOTOR COMPANY *v.* COLBERT.

JENKINS, P. J.  1. "It shall be at the option of the plaintiff, in an action to recover personal property, to say upon the trial thereof whether he will accept an alternative verdict for the property or its value, or whether he will demand a verdict for the damages alone, or for the property alone and its hire, if any; and it shall be the duty of the court to instruct the jury to render the verdict as the plaintiff may thus elect." Civil Code (1910), § 5930. But the plaintiff does not have this option "if the defendant at the first term will tender the property to the plaintiff, together with reasonable hire for the same since the conversion, disclaiming all claim of title." In such a case the plaintiff is limited to a recovery of the property under the tender; and is chargeable with the cost, unless it be shown that a previous demand for the property had been made and refused. Civil Code (1910), § 4494. According to the ruling by this court in *Woodruff Mach. Mfg. Co.* v. *Griffin,* 17 *Ga. App.* 529 (2) (87 S. E. 808), and *Securities Trust Co.* v. *Marshall,* 30 *Ga. App.* 379, 382 (8, 9) (118 S. E. 478), while such a tender will not throw the cost on the plaintiff unless made at the first term as provided by the statute, the defendant is not precluded from thereafter making such tender so as to limit the recovery to the prop-

erty. But see *Holmes* v. *Langston,* 110 *Ga.* 861, 869 (36 S. E. 251). However this may be, such later tender would in any view have to be made prior to the exercise by the plaintiff of his option at the second term as to the kind of verdict accorded him by section 5930 of the Civil Code (1910). In the above-cited cases decided by this court there is nothing to indicate that the suit had thus already in effect been converted into an action for damages prior to the belated tender.

2. The amendment, offered and allowed over objections at the second term, purporting to set up a previous oral tender of the property by counsel at the first term as being in compliance with section 4493 of the Civil Code, was defective and should have been disallowed. The right and privilege given to the defendant by the provisions of that section contemplates and has reference to a plea of tender filed in response to the plaintiff's suit, and not to a mere oral offer or proposal to settle the suit by a future delivery of the property involved. Treating the amendment filed at the second term as seeking to set up a previous oral tender, it was ineffective, for the reason just stated, and for the further reason that it does not show that such oral tender included hire or set up any reason why none was required. Treating the amendment as seeking to plead a present tender, it came too late, for the reason indicated in the first division of the syllabus; and was bad for the further reason that no present disclaimer of title was made.

3. The amendment having been improperly allowed, the court erred in granting a nonsuit based on the defense thus interposed, especially where there was evidence going to show that a previous demand upon the defendant had been made and refused.

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED NOVEMBER 16, 1925.

Trover; from city court of Macon—Judge Jordan. January 7, 1925.

*Gillon & Churchwell,* for plaintiff.

*R. D. Feagin,* for defendant.