23729. HANNER *et al. v.* TRUST COMPANY OF GEORGIA.

STEPHENS, J. 1. A defendant in trover can not, after the first term, by a tender of the property to the plaintiff together with reasonable hire as provided in section 4494 of the Civil Code of 1910, restrict the plaintiff to the right to recover for the property alone and its hire, and thereby prevent the plaintiff from recovering a money verdict in the event it is established upon the trial that there has been a conversion. See Civil Code (1910), § 5930. *Holmes* v. *Langston,* 110 *Ga.* 861, 869 (36 S. E. 251); *Trammell* v. *Mallory,* 115 *Ga.* 748 (42 S. E. 62); *O'Neill Manufacturing Co.* v. *Woodley,* 118 *Ga.* 114 (44 S. E. 980). This ruling is not in conflict with anything that was held in *Woodruff Machinery Manufacturing Co.* v. *Griffin,* 17 *Ga. App.* 529 (87 S. E. 808), or *Downs Motor Co.* v. *Colbert,* 34 *Ga. App.* 542 (130 S. E. 592), and cit.

2. Where the plaintiffs in a suit in trover alleged in the petition that the defendant had in its possession described bonds belonging to the plaintiffs, that the defendant was authorized to sell the bonds or any part thereof for the protection of the interests of the plaintiffs, that the defendant afterwards informed the plaintiffs that a portion of the bonds had been sold and converted into money, that afterwards "in accordance with the permission granted to the defendant," out of the proceeds of the money derived from the sale of the bonds the defendant bought certain stock securities described in the petition, and that the plaintiffs made demand upon the defendant to deliver to them the bonds or proceeds of the bonds or the securities or property, in which the proceeds were invested, and that the defendant failed and refused to comply with this demand, it was error for the court to overrule the plaintiff's demurrer to an amendment to the plea and answer filed by the defendant at a term of court subsequent to the first term, in which the defendant alleged that it tendered into court, with a disclaimer of title thereto, property consising of stock securities and other property of the description of the property described in the petition as the property into which, the defendant had informed plaintiffs, it had converted the plaintiffs' bonds.

3. An amendment to the petition, filed after the defendant had filed its plea of tender as above indicated, in which were stricken the allegations as to a conversion of the proceeds of the bonds into the stock securities, and in which it was alleged that the defendant had, with the consent of the plaintiffs, converted the bonds, which were temporary bonds, into permanent bonds of the same denomination, and was now holding the permanent bonds for the account of the plaintiffs and had refused to turn over to plaintiffs these last-mentioned bonds, upon the ground that the defendant claimed to hold the bonds as collateral security for a debt of a former guardian of the plaintiffs who had had possession of the

868

plaintiffs' bonds as guardian, and in which it was alleged that the defendant had converted the bonds to its own use, and was indebted to the plaintiffs in a sum representing the value of the bonds, was not subject to demurrer or objection on the ground that it set out a new cause of action, or that the amendment, which constituted an election by the plaintiffs to take a money verdict, since it was filed after the defendant had tendered to the plaintiffs the property described in the original petition before it was amended, was filed too late.

4. The court erred in overruling the plaintiffs' demurrer to the defendant's amendment to the plea, and in sustaining the defendant's demurrer to the plaintiffs' amendment to the petition. The verdict and judgment afterwards rendered for the defendant were nugatory.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED SEPTEMBER 29, 1934.

*George & John L. Westmoreland,* for plaintiffs.
*Crenshaw & Hansell,* for defendant.