### 26980. HAYES *v.* GRANTHAM.

DECIDED DECEMBER 5, 1938.

*McDonald & McDonald,* for plaintiff in error.
*C. V. Baker, E. L. Grantham,* contra.

860

STEPHENS, P. J.   Grantham brought an action in trover against Hayes, alleging that the latter had converted certain of plaintiff's pine lumber to his own use.   Upon the trial of the case the jury returned a verdict for the plaintiff.   The defendant moved for a new trial.   To the judgment overruling the motion he excepted on the general grounds only.

There was evidence that the plaintiff tore down a negro house in 1936; that this house stood upon the plaintiff's land, but which defendant claimed as being on his land; that there was some dispute as to the land line between their respective properties; that the plaintiff's land lot was number 25, of which he owned the south half, the defendant's was 24, and the house sat on lot 25; that there were some 4000 feet of lumber in the house; that the plaintiff saw some of the lumber that came from the house in a house upon the defendant's land; that he spent about two weeks tearing the house down; that he piled the lumber up and it disappeared; and that the lumber was original heart-pine lumber, and the lumber found in the negro house on the defendant's land was some of the same lumber.   A witness for the plaintiff testified that he was in the lumber business and testified as to the value of the lumber pointed out to him by the plaintiff.   This witness also testified that he checked some of the lumber in one pile which was at the site of the house the plaintiff tore down; that he checked some in a negro house, and located some at another place near the negro house; that some of it was at an old mill site, and some in a new building and that it was the same lumber.   The plaintiff introduced evidence as to the amount of lumber identified and checked by his witness, and also evidence as to his ownership of the south half of lot 25.   The defendant's evidence tended to show that the lumber was in a house on his land; that he was put in possession of the house torn down by the plaintiff, and that it belonged to him. He did not offer evidence tending to deny that he had possession of the disputed lumber at the time the suit was brought.

If the plaintiff owned the land on which the house which he tore down stood, he owned the lumber in that house.   If he had not disposed of the lumber, and this does not appear, such lumber was in his possession at the time it was converted.   He piled it up, and it disappeared.   There was also some evidence tending to show possession of this lumber by the defendant sometime previous

to the trover suit by the plaintiff, in that it was in a house on the defendant's land. The inference would be that it remained in that house and the house remained on the defendant's premises. Evidence of possession of personal property by the defendant in a trover case may be inferential. *Robson* v. *Rawlings, 79 Ga. 354* (7 S. E. 212). Nowhere in the testimony for the defendant does he deny having possession of the lumber involved. It is the law that "The presumption that a man will do that which tends to his obvious advantage, if he possesses the means, supplies a most important test for judging of the comparative weight of evidence. It is to be weighed according to the proof which was in the power of one party to have produced and in the power of the other to have contradicted." Starkie on Evidence, p. 846. See Code, § 38-119. Also, "In arriving at a verdict the jury, from facts proved, and sometimes from the absence of counter evidence, may infer the existence of other facts reasonably and logically consequent on those proved." Code, § 38-123.

The evidence authorized the verdict for the plaintiff. The trial court did not err in overruling the defendant's motion for a new trial.

*Judgment affirmed. Sutton, J., concurs. Felton, J., dissents.*