31907. HARRIS *v.* BARRY FINANCE COMPANY.

Decided March 18, 1948.

Jess H. Watson, L. Cecil Turner, for plaintiff in error.
Irvine K. Kaler, Miller & Head, contra.

FELTON, J. ' The only issue in the case made by the pleadings and the evidence was whether the truck sought to be recovered was tendered to the marshal after the institution of the bail-trover proceeding. The defendant contended that he made a valid tender of the truck to the marshal, after he had been told by telephone to bring the truck in, by leaving it at a particular place directly in front of the courthouse, and that he notified the marshal by telephone that the truck had been so delivered, and that he also notified the plaintiff and the plaintiff's attorney. The plaintiff denied this. The plaintiff sought no recovery for hire, and the defendant denied that the truck had any value for hire. ' The defendant in ground 2 of his motion for a new trial complains of a portion of the court's charge which, he contends, injected the question of hire into the question of the validity of the tender when no hire was sought. The court charged: "Now, as I told you a while ago, gentlemen, if this truck was demanded by the plaintiff, or someone authorized to act for the plaintiff, of the defendant, and the defendant made a delivery in accordance with the direction of the plaintiff or his agent, and if the truck had no value whatever for hire, then, as I told you a while ago, the plaintiff could not recover; but, if you find from the evidence that the truck had any hire value at all, the mere tendering of the truck, if it was done, and it is for you to say, of course, whether it was done or not, but the mere tendering of the truck in accord, though it may be, with the plaintiff's instructions, if unaccompanied by a tender of reasonable hire would not avail the defendant in this case, and the plaintiff would be entitled to a money judgment measured by the standards I have given you heretofore." The effect of this charge was to tell the jury that, if the truck had value for hire and they so found, a tender of the truck without a tender of reasonable hire would not be a legal tender and would avail the defendant nothing. This charge was error, for the reason that the petition did not allege that the truck had a value for hire, and there was no evidence that it did or how much it was. This charge injected into the case a foreign issue and authorized the jury to make a finding unauthorized by the pleadings; namely, it authorized the jury to find that, if reasonable hire was not tendered with the truck, there had not been such a tender as would relieve the defendant from liability and

cast the costs upon the plaintiff as provided in Code § 107-104: "In actions for the recovery of personal property, if the defendant at the first term shall tender the property to the plaintiff, together with reasonable hire for the same since the conversion, disclaiming all title, the costs of the action shall be paid by the plaintiff, unless he shall prove a previous demand of the defendant and a refusal to deliver it up." Under the pleadings it was not necessary for the defendant to tender reasonable hire for the truck from the date of the conversion in order to comply with requirements of Code § 107-104, since the plaintiff asked for no hire. The fact that the defendant pleaded more than was necessary in stating in his answer that the truck was valueless for hire is of no moment, and did not raise the issue of hire. The plaintiff argues that the charge was harmless, because the jury did not find anything for hire. This argument does not resolve the question. Under the election of the plaintiff and the charge of the court, the jury could not have returned a verdict for hire because the plaintiff elected and the court so charged that, if a verdict was returned for the plaintiff, it should be for the highest value proved between the date of the conversion and the date of the trial and, under such an election, no hire may be found. *Thomason v. Moore*, 139 *Ga.* 341 (77 S. E. 155); *Langdale v. Bowden & Co.*, 139 *Ga.* 324 (77 S. E. 172). Therefore it is impossible to ascertain from the verdict whether or not the charge on the necessity of tendering reasonable hire with the truck affected the jury's decision upon the question of whether or not there had been a valid legal tender. If the defendant had made a valid tender, he was entitled to be discharged and not subjected to a judgment for any sum, either hire, value, or costs. See, in this connection, *Trammell v. Mallory Bros. & Co.*, 115 *Ga.* 748 (42 S. E. 62). This ruling is intended to cover only the defendant's single assignment of error upon the charge of the court; and whether or not the charge was erroneous for any other reason, it is unnecessary for this court to say.

2. Exceptions to the overruling of the motion to dismiss and exceptions to the overruling of the defendant's plea in abatement are not proper grounds of a motion for a new trial.

*Judgment reversed. Sutton, C. J., and Parker, J., concur.*