## 54143. RENT-A-TOOL COMPANY, INC. v. JACKSON.

DEEN, Presiding Judge.

Damages for breach of contract are, among other things, "such as the parties contemplated as a probable result of the breach." *Sanford-Brown Co. v. Patent Scaffolding Co., Inc.,* 199 Ga. 41 (33 SE2d 422). The appellant is in the business of renting out industrial equipment; the contract therefore contemplates the payment of rental in accordance with the contract terms until the article is returned. It does not in terms contemplate what happens if it is lost, destroyed, or simply not returned. If the property is lost or destroyed, and the agreement amounts to a simple bailment, the measure of damages is the fair market value of the property, and if damaged it is the difference in market value before and after the damage. *Brown v. Five Points Parking Center,* 121 Ga. App. 819 (6) (175 SE2d 901). In the case of a conversion the plaintiff may recover the highest proved value (Code § 107-103) or, if the property is recovered he is entitled to elect property plus hire. Code § 107-105.

The defendant here rented a trailer hitch at the rate of $12 per week and kept it for some 15 weeks before returning it. A stipulation of evidence between the parties sets the total rental at $96.30, whereas the market value of the hitch was $50. Based on these facts the trial court ruled that the plaintiff was entitled to no more than the market value of the equipment.

Taking into account that the plaintiff has a business investment in a large inventory of equipment, and that under no theory of recovery would the return of the object *plus* its market value be a defensible measure of damages, it would seem to be the better application of the rules of compensation set out above that where there is no time prescribed to return a rented article, and no notice of

inability to return it, the agreed on rent runs until it is in fact returned or such notice is given. Any other rule would make it exceedingly difficult for a lessor who deals in a large inventory of varied items of equipment to run a going business if in fact any large percentage of its clients opt to retain the articles rented and, on being sued, simply offer their then market value.

Under the evidence here it was error to refuse to grant a judgment for the article plus its hire. This measure is defensible as the price contracted for if the contract continued, or as one of the measures of damage the law allows the plaintiff to elect if there has been a conversion.

*Judgment reversed. Webb and Marshall, JJ., concur.*

ARGUED JULY 6, 1977 — DECIDED JULY 12, 1977.

*Michael J. Gannam,* for appellant.
*Gerald H. Cohen,* for appellee.