A90A0895. CONNORS v. OMNI INSURANCE COMPANY.
(394 SE2d 402)

DEEN, Presiding Judge.

Lavonia Connors brought suit against Omni Insurance Company for conversion of her automobile and its contents. The evidence showed that shortly after the car was involved in an accident with Omni's insured, it was towed to Beaudry Ford. The insurance company later moved it to a free storage location in Dalton, Georgia. A jury verdict was returned and entered in favor of the insurance company, and Connors appeals. *Held*:

1. The basis for a trover action is conversion. *Southern Express Co. v. Sinclair*, 130 Ga. 372, 373 (60 SE 849) (1908); *McDaniel v. White*, 140 Ga. App. 118 (230 SE2d 500) (1976). However, " 'demand and a (wrongful) refusal are prerequisites to a trover action.' [Cits.]" *Brooks v. Fincher*, 150 Ga. App. 201, 204 (257 SE2d 326) (1979).

A claims adjuster for the insurance company testified that permission to move the automobile from Beaudry Ford to the free storage location was given by Connors' attorney's office after the vehicle was determined to be a total loss. The attorney's former secretary testified by deposition read into the record that she usually handled such matters and did not authorize movement of the vehicle, and was very surprised to learn that it had been moved without permission. The conflicting testimony was a factual issue to be resolved by the jury, and it alone determines the credibility of the witnesses. *Redd v. State*, 154 Ga. App. 373 (268 SE2d 423) (1980). Other testimony indicated that the insurance company offered to return the vehicle, but the offer was refused. There was evidence to support the jury verdict.

2. The evidence presented as to appellee's attempt to return the vehicle was used to establish that appellant made no demand for the vehicle coupled with a wrongful refusal to deliver it. See *Brooks v. Fincher*, supra at 204. Indeed, the evidence showed that appellant refused appellee's offer to return it, and this evidence was offered to disprove the trover claim.

3. We find no error in the giving of appellee's request to charge number 7. It is a statement of the legal principles set forth in *McDaniel v. White*, supra, and *Brooks v. Fincher*, supra.

4. Appellant further contends that the trial court erred in giving her request to charge number 2, which tracked the provisions of OCGA § 44-12-150: "In actions to recover possession of chattels, it shall not be necessary to prove any conversion of the property if the defendant is in possession when the action is brought." In giving the

charge the court inserted the word "unlawful" in front of "possession."

Under *McDaniel v. White*, supra, which established that lawful possession is a defense to a trover action, the court held that an exception to OCGA § 44-12-150 exists "if the defendant acquired possession lawfully, and in this event it is necessary to prove either actual conversion or a demand for return of the property and defendant's failure of refusal to redeliver." This charge was authorized by the evidence.

5. During the period of the alleged conversion, all correspondence for Mrs. Connors pertaining to the automobile and the insurance company were conducted by her attorney and his staff. Several months prior to trial, appellee indicated that it intended to call the attorney as a witness at trial, and he was later subpoenaed. At no time did he seek to withdraw from the case or seek a protective order. At trial, the judge questioned him as to his reason for not withdrawing if he expected to be called as a witness. Counsel replied, "No sir, I shouldn't have to. If that were the case, then that would mean the way to win every case is just to subpoena your opponent. The attorney is always going to have some input into the case." The court permitted him to testify as a defense witness. Co-counsel cross-examined him.

The Rules and Regulations for the Government of the State Bar of Georgia, 241 Ga. 643 (1978), contain The State Bar of Georgia's Code of Professional Responsibility. Canon 5 states, "A lawyer should exercise independent professional judgment on behalf of a client." EC5-9 (1983) states, "If a lawyer is both counsel and witness, he becomes more easily impeachable for interest and thus may be a less effective witness . . . An advocate who becomes a witness is in the unseemly and ineffective position of arguing his own credibility. The roles of an advocate and of a witness are inconsistent; the function of the advocate is to advance and argue the cause of another, while that of a witness is to state the facts objectively." Under EC5-10 (1983), "Where the question arises, doubts should be resolved in favor of the lawyer testifying and against his . . . continuing as an advocate." DR5-102 of the Code of Professional Responsibility mandates, "When a lawyer is a witness for his client, except as to merely formal matters, such as the attestation or custody of an instrument and the like, he should leave the trial of the case to other counsel." See also *Castell v. Kemp*, 254 Ga. 556 (331 SE2d 528) (1985); *Malley Motors v. Davis*, 183 Ga. App. 599 (359 SE2d 394) (1987).

Counsel in this case should not have appeared in the roles of defense witness and plaintiff's attorney, but he raised no objection in the court below. He is also representing Connors on appeal. Issues not raised below cannot be raised for the first time on appeal. *McCounly*

*v. State*, 191 Ga. App. 266 (381 SE2d 552) (1989).
  *Judgment affirmed. Pope and Beasley, JJ., concur specially.*

BEASLEY, Judge, concurring specially.
  I concur fully in Divisions 1 through 4. I concur in Division 5 that counsel's acting both as counsel and as witness raises a question of ethical propriety. Raising an objection to appearing as a subpoenaed witness for the defense would not have cured the problem, however. Counsel could not avoid testifying, as he had been called and his testimony was relevant since he had been involved in the very transaction which gave rise to the cause of action. Plaintiff's theory of conversion contended that it occurred by way of events in which her attorney was acting as her agent and she was not even involved personally. Plaintiff's evidence in her case-in-chief brought the actions of the attorney and his staff into the proof of the alleged conversion.
  Thus, the answer would have been withdrawal, not an objection to being called as an adverse witness by the defendant.
  I am authorized to state that Judge Pope joins in this special concurrence.

DECIDED MAY 11, 1990.

*Richard E. Stark*, for appellant.
  *Crim & Bassler, Philip G. Pompilio, Harry W. Bassler*, for appellee.