## A90A0620. CAMPBELL v. BAUSCH.

(395 SE2d 267)

SOGNIER, Judge.

Sandra Campbell brought suit against Russell N. Bausch in three counts, alleging he had converted stock certificates, funds in a business checking account, and accounts receivable. Bausch answered and counterclaimed, alleging he was Campbell's business partner and was entitled to half the net profits of the business, and setting forth claims for slander, intentional infliction of emotional distress, and abusive litigation. Both parties sought damages and attorney fees. The trial court directed a verdict in favor of Bausch on Campbell's claim for conversion of the stock certificates, and a jury returned a verdict in favor of Bausch on the remainder of Campbell's claims and on his counterclaim for abusive litigation. Campbell appeals.

The evidence adduced at trial established that appellant had a romantic relationship with appellee and was living with him at the time she gave him approximately $6,000 to purchase certain stock for her through his broker, which he did. When the parties' relationship ended appellant requested the stock certificates, but she did not receive them until several months later because they had been issued in appellee's name, necessitating reissuance through the broker. After the stock was transferred to appellant, she continued to hold it through the time of trial, and its value declined considerably.

1. Appellant contends the trial court erred by directing a verdict for appellee on her claim for conversion of the stock because questions of fact existed whether the parties intended that the stock be issued in her name rather than that of appellee, and whether appellee deliberately withheld the stock from her. The trial court granted appellee's motion for a directed verdict, however, on the ground that sufficient proof of value of the stock had not been introduced to authorize the jury to award damages.

Where the plaintiff elects to sue for damages rather than return of the property, proof of the value of the property is an essential element of an action for conversion. *Sisk v. Carney*, 121 Ga. App. 560, 563 (4) (174 SE2d 456) (1970). Appellant argues that pursuant to OCGA § 44-12-152 she was entitled to recover as damages "the amount of the highest value which [she] is able to prove existed between the time of the conversion and the trial." Id. Even were we able to ascertain the date of the alleged conversion in the case sub judice, however, we could not agree with appellant that OCGA § 44-12-152 applies once the property has been returned to its rightful owner. That construction would allow appellant to recover possession of the allegedly converted property prior to trial, permit it to deteriorate in value to nothing, and recover damages based on the loss in value *while the property was in her possession*. Rather, we agree with ap-

pellee and the trial court that the measure of damages in OCGA § 44-12-152 applies only when the property is still "unlawfully detained," id., and since in the case sub judice the property had been returned, appellant could recover damages for the diminution in value of the stock only for the time period between the alleged conversion and the property's return.

Appellant admitted the stock was returned in February 1989, but introduced no evidence showing the value of the stock at that time. The only evidence of value introduced was the purchase price of the stock and its value in April 1989, two days before trial and two months after its return. Accordingly, since appellant "did not meet the burden of providing the jury 'data sufficient to enable them to estimate with reasonable certainty the amount of damages,'" *Accent Walls, Inc. v. Parker*, 162 Ga. App. 633, 634 (1) (292 SE2d 509) (1982), the trial court did not err by directing a verdict for appellee on this issue.

2. In her second enumeration of error, appellant maintains the trial court erred by denying her motion for a directed verdict on appellee's claim for attorney fees and expenses for abusive litigation.

(a) In view of our holding in Division 1, supra, we need not address appellant's argument that the trial court's erroneous direction of a verdict in favor of appellee on the claim for conversion of the stock certificates impermissibly influenced the jury to find for appellee on the abusive litigation claim.

(b) Appellant also argues, however, that the evidence tendered was inadequate to show the amount of the attorney fees to which appellee was entitled. See *Price v. Mitchell*, 154 Ga. App. 523, 526 (6) (268 SE2d 743) (1980).

During the trial of the *Yost* claim (*Yost v. Torok*, 256 Ga. 92 (344 SE2d 414) (1986)), appellee's counsel testified to his experience and his usual hourly rate, which he also testified was reasonable and customary for the type of services provided by attorneys of his experience in this area of civil law. He also produced statements evidencing actions taken and time expended. It is well established that a party's "attorney himself is competent to testify as to his opinion on reasonable fees ([Cit.])." *Altamaha &c. Center v. Godwin*, 137 Ga. App. 394, 397 (224 SE2d 76) (1976). Moreover, after being qualified as an expert, appellant's counsel estimated that in his opinion approximately one-fourth to one-third of the total hours had been spent in prosecution of the *Yost* claim. Thus, unlike the situation in *Augusta Tennis Club, Inc. v. Leger*, 186 Ga. App. 440, 443 (5) (367 SE2d 263) (1988), cited by appellant, the proof was adequate to show what portion of the total attorney fees was allocable to the claim supporting the award of attorney fees. We find the evidence presented sufficient in this case to enable the jury to properly calculate an award of attorney

fees. See generally *Hayes Constr. Co. v. Thompson,* 184 Ga. App. 482, 484 (2) (361 SE2d 865) (1987).

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED MAY 29, 1990.

*Bobby L. Cobb & Associates, Bobby L. Cobb,* for appellant.

*Moore & Rogers, Robert D. Ingram, C. Gregory Ragsdale,* for appellee.