A00A0062. LAMB v. SALVAGE DISPOSAL COMPANY OF GEORGIA et al.
(535 SE2d 258)

ANDREWS, Presiding Judge.

Matthew K. Lamb appeals from the trial court's order granting the motions to dismiss or for summary judgment of Salvage Disposal Company of Georgia (Sadisco) and State Farm Mutual Auto Insurance Companies (State Farm). Because the trial court reached the proper decision, we affirm.

In reviewing the grant or denial of summary judgment, we apply a de novo standard of review and view the evidence with all reasonable inferences and conclusions in favor of the party opposing sum-

mary judgment. *Goring v. Martinez*, 224 Ga. App. 137, 138 (2) (479 SE2d 432) (1996). When so viewed, the evidence presented showed that on March 9, 1996, Sally A. Soggs' vehicle, insured by State Farm, collided with a car Lamb was driving. Lamb's 1987 Honda CRX sustained severe front end damage, including a bent steering wheel, broken windshield, and dashboard damage. Chadwick's Wrecker Service towed the damaged vehicle to Chadwick's lot in Columbus. State Farm determined that this 1987 Honda CRX which had more than 177,000 miles was a total loss. While settlement negotiations were pending, State Farm arranged for Sadisco to tow the vehicle from Chadwick's to a salvage yard in Atlanta belonging to Sadisco.

Lamb sued Soggs for the property damage to his vehicle and for damages for personal injuries. A jury awarded $26,461.39 in damages to Lamb in that litigation. Lamb brought a separate suit for conversion against State Farm in the Superior Court of Muscogee County. Lamb alleged that State Farm had arranged for his vehicle to be moved from Columbus to Atlanta without his permission, a claim vigorously repudiated by State Farm. In suing State Farm for conversion, Lamb sought general damages, punitive damages, costs, interest, and attorney fees. After State Farm won a directed verdict on all issues except the purported conversion of the vehicle, Lamb voluntarily dismissed the action. Lamb, however, appealed the directed verdict. In *Lamb v. State Farm &c. Ins. Co.*, 240 Ga. App. 363 (522 SE2d 573) (1999), we affirmed the trial court's ruling.

While Lamb's appeal was pending, Lamb instituted litigation in the Superior Court of Fulton County on March 16, 1998. In this suit, Lamb again sued State Farm for conversion but added Sadisco as a defendant. Lamb alleged that the defendants "unlawfully seized, detained and converted to their own use" his 1987 Honda CRX. Lamb sought $4,500 in general damages for the value of the Honda, punitive damages, interest, costs, and attorney fees. In responding to Sadisco's interrogatories, Lamb claimed that OCGA § 44-12-150 et seq. applied and that his "damages are based on the value before the conversion and the value after the conversion."

Sadisco and State Farm filed separate motions to dismiss or in the alternative for summary judgment. In its motion, Sadisco claimed that because a State Farm representative had instructed it to move Lamb's vehicle and since it acted only as State Farm's agent, it was in lawful possession of the vehicle. Sadisco further contended that no genuine issue of material fact existed about any intentional breach on its part of any duty to Lamb. The trial court agreed and awarded summary judgment to Sadisco.

Noting that the Superior Court of Muscogee County had directed a verdict in favor of State Farm on Lamb's claims for punitive dam-

ages, attorney fees, and expenses of litigation, the trial court dismissed those claims. The court also decided Lamb's "prayer for general relief ($4,500.00 for value of the car) must be DISMISSED as the Plaintiff has already received compensation for the value of the vehicle in the January 7, 1998, jury verdict (in his Muscogee County personal injury case)." The court noted, "[Lamb] is not allowed a double recovery."

In his sole enumeration of error, Lamb contends the trial court erred in granting Sadisco's and State Farm's motions to dismiss or for summary judgment. While we arrive at the same decision as the trial court, we utilize a different route. See *Precise v. City of Rossville*, 261 Ga. 210, 211 (3) (403 SE2d 47) (1991) (judgment right for any reason will be affirmed).

In a suit to recover personal property, a plaintiff may elect to recover, alternatively, the property or its value, damages only, or the property and its hire. *Howard v. Parker*, 163 Ga. App. 159, 160 (293 SE2d 548) (1982). In this case, notwithstanding the return of his personal property, Lamb sought to recover solely damages. But the statute offering an election of remedies must be construed in conjunction with OCGA § 44-12-153. *Trammel v. Mallory Bros. & Co.*, 115 Ga. 748, 750-751 (42 SE 62) (1902); *Walton v. Henderson*, 4 Ga. App. 173, 176 (3) (61 SE 28) (1908) (formerly Civil Code 1895, § 3897).

OCGA § 44-12-153 provides:

> In actions for the recovery of personal property, if the defendant disclaims all title and tenders the property to the plaintiff when he files his answer, together with reasonable hire for the same since the conversion, the costs of the action shall be paid by the plaintiff unless he proves a previous demand of the defendant and a refusal to deliver.

Here, it is undisputed that State Farm never claimed title to the property and tendered the property back to Lamb by returning the vehicle before it answered Lamb's complaint. See *Connors v. Omni Ins. Co.*, 195 Ga. App. 607 (1) (394 SE2d 402) (1990) (demand and wrongful refusal are prerequisites to trover action). When a plaintiff does not ask for any reasonable hire, a defendant may comply with this statute without tendering reasonable hire from the date of the conversion. *Harris v. Barry Finance Co.*, 76 Ga. App. 663, 666 (1) (47 SE2d 201) (1948). When Lamb submitted a written demand in September 1996 for the return of his car, he did not make any request for reasonable hire, insisting only that the car be returned to him in Columbus by October 10, 1996. In any event, it would not appear that this totaled vehicle could have any value "for hire" even had Lamb sought an amount. See *Trammell*, 115 Ga. at 751 (no recovery

of damages for hire when property has no such value).

Lamb asserted his entitlement to "damages . . . based on the value before the conversion and the value after the conversion." Under OCGA § 44-12-152, "the plaintiff may recover a sum in the amount of the highest value which he is able to prove existed between the time of the conversion and the trial." Nevertheless, in an action for conversion, the measure of damages as set forth in OCGA § 44-12-152 applies only when the property continues to be "unlawfully detained." *Campbell v. Bausch*, 195 Ga. App. 791, 792 (1) (395 SE2d 267) (1990). When a party elects to sue for damages for conversion and the property has been returned before trial, as here, the damages are limited to recovery "for the diminution in value of the [property] only for the time period between the alleged conversion and the property's return." Id. Compare *Stephens v. Southern Discount Co.*, 105 Ga. App. 667, 670 (1) (125 SE2d 235) (1962) (in action in trover, a plaintiff may elect money damages after defendant refuses to comply with demand to deliver property); see *Trammell*, 115 Ga. at 751 (when defendant complies with Section 3897 (now OCGA § 44-12-153) plaintiff cannot elect to take a verdict for damages as provided in Section 5335 (now OCGA § 44-12-151)).

Even assuming arguendo that Sadisco and State Farm converted the car in March 1996 as Lamb claims, the evidence indisputably established that the vehicle was returned to Lamb before trial. Even further assuming the measure of damages was the diminution in value of this 1987 Honda CRX between March 1996 and March 1997, the amount in damages is zero. *Campbell*, 195 Ga. App. at 792 (1). Before the alleged conversion, the car had sustained severe body damage in excess of the vehicle's fair market value.[1] No evidence suggested otherwise. Thus, in March 1996 at the time of the alleged conversion, the Honda was a total loss, and in March 1997, it was still a total loss. Since the only claim remaining against State Farm is the amount, if any, of damages for the alleged conversion, and those damages are zero, State Farm was entitled to judgment as a matter of law. See id.; see also *Bowling v. Gober*, 206 Ga. App. 38, 39 (3) (424 SE2d 335) (1992) (when insurer fully satisfies automobile damages claim, law will not allow a double recovery).

Lamb also contends that Sadisco was not entitled to benefit from the directed verdict obtained by State Farm on the issues of punitive damages, costs, and attorney fees. He asserts that a jury must resolve the issue of conversion and the amount of damages he can recover from Sadisco.

---

[1] In his suit against Soggs, Lamb sought $4,500 for the property damage to his vehicle. In his action against State Farm, Lamb expressed the value of the car as being $4,500 at the time of the alleged conversion.

Lamb's argument overlooks the fact that OCGA § 13-6-11 does not create an independent cause of action but merely permits in certain limited circumstances the recovery of the expenses of litigation incurred as an additional element of damages. *Brown v. Baker*, 197 Ga. App. 466, 467 (2) (398 SE2d 797) (1990). Similarly, punitive damages are not recoverable unless general damages have been awarded. *Mayfield v. Ideal Enterprises*, 157 Ga. App. 266, 267 (1) (277 SE2d 62) (1981). Since Lamb cannot establish under OCGA § 44-12-150 et seq. any amount of damages for the alleged conversion of his vehicle, he cannot obtain the other relief he seeks. See *Connors*, 195 Ga. App. at 607 (2) (return of vehicle can disprove essential element of trover action). Accordingly, we find that Sadisco was entitled to judgment as a matter of law. See *Rent-A-Tool Co. v. Jackson*, 142 Ga. App. 781 (237 SE2d 14) (1977) (no theory of recovery authorizes the return of the object plus its market value as damages).

*Judgment affirmed. Ruffin, J., concurs. Ellington, J., concurs in the judgment only.*

DECIDED MAY 25, 2000

*Peter G. Williams*, for appellant.

*Smith, Welch & Brittain, Bruce R. Vail, Tisinger, Tisinger, Vance & Greer, Douglas C. Vassy, Joe M. Harris, Jr.*, for appellees.